Opinion delivered May 4, 1888.

---

## No. 6162.

### D. P. DOLSON v. MRS. CHARLES DE GANAHL.

1. PRACTICE—ADMINISTRATOR.—In a suit by one claiming to act as administrator in its institution the representative capacity of the plaintiff need not be shown, in the absence of a proper plea denying the right to thus sue.

2. EVIDENCE—PRACTICE.—The admission of improper evidence in favor of one party to a suit will not authorize the adversary to introduce improper evidence in rebuttal, if objection be made thereto.

3. PROMISSORY NOTE.—A note given in settlement of an injury to property which was inflicted by the maker, though the property belonged to a third person, it being injured by the maker, to whom it was loaned by the payee, is upon sufficient consideration.

4. EVIDENCE.—The written terms of an absolute promise to pay contained in a promissory note, are conclusive of the contract, and can not be changed by parol evidence that the note was executed with an understanding between the parties that it was never to be paid, and was not to be transferred or assigned.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

*John A. Green, Wm. Aubrey, L. C. Grothaus* and *S. G. Newton,* for appellant: Even if the note had been given for a valua-

ble consideration, appellant would not be liable to appellee as administratrix unless it had been alleged and proved that the estate of Spotts had suffered some damage, or that Spotts, deceased, had paid Walker for the mare, or that Walker had established his claim against the estate of Spotts. It would, under the undisputed evidence of witness Boyd, be a contract of indemnity on appellant's part to indemnify Spotts against loss to Walker. (2 Sutherland on Damages, 602.)

A note given with the understanding that it was never to be paid, transferred or assigned, can not be made the basis of an action by the administratrix of the payee against the maker. (Newton v. Newton, from Guadalupe county, decided, we think, at the Austin term, April, 1885, by the Commission of Appeals, but not yet reported.)

The want of consideration having been alleged under oath and proved by the evidence, and it nowhere appearing in the evidence that any right, interest, profit or benefit accrued to the defendant by the execution of the note, nor that any forbearance, detriment, loss, responsibility or act, or labor, or service was suffered by or occasioned to Spotts by the execution of the same, it is without consideration, and defendant is not liable for the same. (Story on Promissory Notes, sec. 186, p. 205, fourth edition, 1856.)

Even if the note was executed for the purpose of imposing a righteous deception upon Walker, that has nothing to do with the issue of want of consideration, especially since it is not shown that Walker was ever influenced in the slightest degree by the fact that the note had been given. (Bishop on Contracts, edition 1887, sec. 296, p. 110; Johnson ·v. Byler, 38 Texas, 612.)

*A. S. Chevalier,* for appellee.

STAYTON, CHIEF JUSTICE. As the administratrix of the estate of S. B. Spotts, deceased, the appellee brought this action to recover the sum due on a promissory note executed by the appellant to the deceased on December 11, 1882, and due one year after its date.

It is urged that the court erred in admitting testimony offered to show that the appellee was the administratrix of the estate she assumed to represent. It is unnecessary to inquire whether the evidence was properly admitted, for there was no plea put-

ting her capacity to sue in issue, and there was no necessity for any proof on that point.

There was a plea of want of consideration for the note, which contained much irrelevant matter, of which evidence was admitted, and after this the appellee was permitted to testify that in a conversation between herself and the deceased, when the appellant was not present, the deceased stated that the appellant acknowledged the note sued upon to be a just claim against him, and admitted that it was justly due for a horse that had died through ill usage by the appellant, and that he would certainly pay it or secure it. This testimony was objected to on the ground, among others, that it was hearsay. The judge of the district court seems to have thought that it was admissible in rebuttal of testimony offered by appellant.

There was testimony offered by appellant that the court would no doubt have excluded had it been objected to, but the fact that improper evidence was admitted without objection did not authorize the admission of improper evidence, even in rebuttal, when objection was made to it.

The evidence admitted over objection was clearly inadmissible, and should have been excluded. In view of the further disposition of the case, we deem it proper to say that the note sued on, evidences the contract of the parties, and under the pleadings all evidence as to parol cotemporaneous agreements between the appellant and the deceased affecting the contract evidenced by the note, and tending to vary or contradict it, should be excluded. The note fixes the obligation of the appellant to pay, and his pleadings leave open to him only the defense that it was executed without consideration. Evidence tending to support that defense is admissible. If the deceased had in his custody a horse belonging to another person, which, without permission of the owner, he loaned to the appellant who injured it, or if there was a claim that he had injured it and the note in suit was given in settlement for the injury or claim of injury, then it can not be said that the note was without consideration.

As the custodian of property bound to the exercise of proper care for its safe keeping, the deceased would have been liable to the owner for an injury resulting from his want of proper care, and if one having possession of it, with his permission, injured it, we do not see but that a note given in settlement of such injury would not be a sufficient consideration.

If the deceased loaned the horse of which he was the bailee, this was upon an implied contract that the borrower would not injure it, but use it carefully, and for breach of such implied contract the bailee doubtless might have maintained an action to recover from the borrower for any injury done to the property for which the bailee would be liable to the owner. (Story on Bailments, 93c, 93b; Addison on Torts, 631, 1292.)

In any case in which a bailee may maintain an action for an injury done to property placed in his custody, he surely may take a note in settlement for the same facts which give a right to recover in an action by a bailee give sufficient consideration to support a promise.

It is unnecessary to consider whether the charge given was in all things technically correct.

The appellant asked the following charge: "If the jury believe from the evidence that the defendant executed the note in question with the understanding that he was never to pay the same, and that it was not to be transferred or assigned, they will find for the defendant." It was properly refused; for the note is conclusive as to what the real contract between the parties was.

The charge asked is based on evidence admitted to show the parol contemporaneous agreement, which, as we have before said, ought not to have been received, but having been received, should have been disregarded as was it, in effect, by the charge given.

For the error in the admission of evidence before referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*