### F. REAST v. R. DONALD.

No. 7219.

1. **A Judgment Aided by the Pleadings in the Case.**—In ascertaining what was involved in a former suit between the parties it is permissible to look into the pleadings and the judgment rendered in the cause; and when from the face of the record the matter in dispute is in doubt evidence aliunde is admissible.

2. **Parol Evidence of Lost Pleadings.**—The pleadings in a suit, the extent of its decision being in question, being shown to be lost, parol evidence to show what was in controversy is competent.

3. **Res Adjudicata.**—A former suit was shown to have involved and settled between the same parties the locality of a common line for a part only of its length. Such suit was res adjudicata to the extent of the line involved, but not as to the remaining part of such line.

4. **Opinion — Survey.** — It is incompetent for a surveyor to testify to his opinion whether a line he had examined was actually run by the surveyor before making the field notes. The question is for the jury upon all the facts in evidence.

5. **Stone Mound not Called for in Field Notes.** — A stone mound found in the prairie at the proper course and distance from the beginning corner, when not called for by the surveyor nor shown to have been made by the surveyor, can not be regarded as fixing such corner of the survey.

6.  **Charge—Ascertaining Unmarked Line of Survey.**—The north line in the Lamar survey is in an open prairie, with no monuments locating it.  The only way of fixing said line is by course and distance from some one or more known points in the survey.  The defendant rested his defense upon a survey from the southwest corner, and reversing the call for course and distance.  *Held*, error to refuse to charge the jury upon such theory of the survey.  The jury should have been allowed to ascertain the north line of the survey by running from any established corner of the survey they, under the facts and circumstances, may have regarded as the more certain and reliable calls in the field notes.

APPEAL from Grayson.  Tried below before Hon. A. C. TURNER, Special District Judge.

No statement is necessary.

*C. H. Smith* and *Woods & Brown*, for appellant.—1.  A judgment in another cause between the same parties which does not definitely settle the question at issue, and the same is left to inference and argument, is not res adjudicata, and oral testimony is inadmissible to aid or establish the issue made and determined.

2.  A line can not be established and fixed merely by the course of the lines of the surrounding surveys, and the common boundary of two surveys can not be extended so as to include land not embraced in the field notes of either.  Gerald v. Freeman, 68 Texas, 201; Duff v. Moore, Id., 271.

3.  The common boundary between the Lamar and Tuttle being in the prairie, and no marks natural or artificial to mark it, and to begin on the established corners of the one on the south and the other on the north, and running the course and distance called for in their field notes, a strip is left not covered by either, and a mistake can not be presumed in favor of either, nor lines extended so as to cover the strip.  Duff v. Moore, 68 Texas, 270; Gerald v. Freeman, Id., 201.

*W. W. Wilkins*, for appellee, cited Oldham v. McIver, 49 Texas, 556; Cook v. Burnley, 45 Texas, 97; Bledsoe v. White, 42 Texas, 136.

FISHER, JUDGE, *Section B.*—This suit was instituted by appellee against appellant.  In form the action is trespass to try title, but in effect it is to determine the north boundary line of the Lamar survey and the south boundary line of the Tuttle survey.  Appellee claims that the north line of the former survey and the south line of the latter survey is the common boundary line between the two surveys.  It is admitted that appellee owns the land situated in the Lamar survey up to its north line, and that the appellant owns the land situated in the Tuttle survey down to its south line.  Appellee contends, that appellant is in possession of land belonging to him situated south of the north line of the Lamar survey and included in said survey.  It is further

contended by appellee, that in a former litigation between him and appellant concerning the boundary lines between the two surveys a judgment was rendered in his favor settling the boundary lines of the lands now in dispute, and since said judgment was rendered the appellant had entered upon the lands now in controversy; therefore the appellant is estopped from disputing the boundary lines between the two surveys, because the land sued for is the same adjudged to appellee in said former suit.

The appellant pleaded not guilty, and the three, five, and ten years statutes of limitation. Judgment was rendered in favor of plaintiff against defendant for the land sued for.

The first assignment of error complains of the admission in evidence of the judgment rendered in cause No. 4669, introduced for the purpose of showing that the boundary line now in dispute had been previously determined and adjudicated.

The second assignment of error complains of the ruling of the court in admitting the testimony of appellee and witness J. D. Woods, to the effect, that the only issue tried and determined in cause No. 4669, Donald v. Reast, in the District Court of Grayson County, was the locality of the north line of the Lamar and the south line of the Tuttle surveys, and that the issue extended through the whole length of the line.

The objections presented by these assignments are:

1.    That the judgment does not fix and establish the north boundary line of the land sued for in said suit, but the same is left to an inference and argument, and is not res adjudicata as to said line.

2.    The judgment is not res adjudicata as to the north line of the Lamar and south line of the Tuttle extending west of the land in controversy in said suit.

3.    That oral testimony is not admissible to aid the judgment in determining what was adjudicated therein.

The field notes in the judgment in cause No. 4669 are as follows: "Situated in Grayson County, on waters of Mineral Bayou, part of the M. B. Lamar survey; beginning at Elisha Brown's northeast corner a rock; thence north 913 varas a rock in the north line of said Lamar survey; thence east 687 varas to the A. L. Harless 154¼ acres, bought of R. E. King; thence south 973 varas a rock; thence west 687 varas to the beginning."

The land sued for by plaintiff includes all the land bordering on the north line of the Lamar survey and south of that line, beginning at the southwest corner of the Harless tract and running west on the north line of the Lamar survey to the northwest corner of the Lamar; thence south about 50 varas; thence east about 1700 varas; thence north about 50 varas to the southwest corner of the Harless tract.

The evidence shows, that the petition and other papers in cause No. 4669 were lost at the time this case was tried. In ascertaining what

was involved in the former suit between the parties, it is permissible to look to the pleadings and the judgment rendered in the cause; and when from the face of the record the matter in dispute is in doubt, evidence aliunde is admissible to ascertain it.    Oldham v. McIver, 49 Texas, 572.

The land described in the judgment rendered in cause No. 4669 can be identified as a part of the land in controversy by reference to the calls of the north line of the Lamar survey, thence east 687 varas to the Harless tract.    If the former judgment does not with accuracy identify the land, we think it can be made certain by the evidence of any one who can identify the land by reference to the calls given in the judgment.    These calls are sufficient for such purpose, and the land can be identified as described in the judgment by one who is familiar with the calls as found on the ground.    The evidence of the plaintiff and witness Woods was admissible for the purpose of identifying the land litigated in the former suit with that in controversy in this case, and the pleadings being lost, was admissible also to show what was in controversy in the former suit.

The jury could not have considered that the judgment rendered in cause No. 4669, and the evidence of plaintiff and Woods offered in connection therewith, was conclusive of the rights of the parties as to the entire north line of the Lamar, for the court in its charge to the jury permitted them to consider the judgment only for the purpose of regarding the north line of the Lamar as settled to the extent of the distance called for in the judgment.    This distance being 687 varas, the former judgment as to this extent, we think, was res adjudicata.    This being true, it leaves about 1000 varas of the north line of the Lamar unsettled—extending from its northwest corner east to a point where it meets the 687 varas of the north line adjudicated in the former suit. There was no error in admitting in evidence the judgment rendered in cause No. 4669, and the testimony of the witness in connection therewith.

In the trial below witness Hopson, a surveyor, who appeared to be familiar with the locality of the surveys, was asked his opinion whether the Lamar survey was actually located on the ground, or was what is known as an office survey.    Objection was made by appellee to this question, and the witness was not permitted to answer.    This is assigned as error.    This was not a matter about which the surveyor is permitted to express his opinion.    Whether the land was actually located and surveyed or was what is known simply as an office survey should be determined by the jury from all the facts in evidence.    Randall v. Gill, 77 Texas, 354.

The ninth assignment of error contends that the court erred in refusing to give the following charge requested by appellant:

"If you believe from the evidence that the beginning corner of said survey is established, and that to begin as called for in said field notes, and running north the distance called for in its field notes the northwest corner of said survey would be at a point south of the land in controversy; and you further believe from the evidence that there is no natural or artificial objects at said corner called for in the field notes or placed there by the surveyor who originally ran out and located the survey to mark said corner, and that the north line of said survey is in the prairie, and no mark artificial or natural found on said lines, then you are instructed that the course and distance called for in said notes would control said north line, and unless you believe from the evidence that the north line of the Lamar survey run as per said course and distance would embrace the land in controversy, or some part of it, you will find for defendant."

The south line of the Tuttle survey and the north line of the Lamar survey are open, undefined, and unmarked lines in the prairie. Nothing is found on the ground called for in the field notes of either survey on the north line of the Lamar or south line of the Tuttle.

The calls of the Lamar begin at the northeast corner of survey No. 25, a Spanish oak marked $\overline{\text{S}4}$ No. 5 bears 68 degrees west 10 varas, and a Spanish oak marked S L bears north 48 degrees east 5 varas; thence north 610 varas to branch of Mineral and prairie 5132 varas to a post in prairie 244 varas south from the southeast corner of No. 31; thence east 3119 varas to a post in prairie; thence south 694 varas to the southwest corner of No. 23; thence east 2912 varas to the northwest corner of No. 7; thence 1160 varas to a post in the north line of Charles Quillan survey, 851 varas east of his northwest corner; thence west 851 varas to the northwest corner of said survey; thence south 2041 varas to the southwest corner of said survey; thence east 1176 varas to a point from which a pecan bears north 10 degrees east 19 varas, standing in the line of said Quillan survey; thence south 1236 varas to a post in prairie; thence west 6356 varas to beginning. The Lamar is known as survey No. 22.

The Tuttle survey begins at the northwest corner of the Lamar, a mound in the prairie; thence north 2672 varas to a post in the east line of No. 33, 482 varas south of northeast corner of No. 33; thence east 3119 varas to a post in the west line of No. 15; thence south 280 varas to a branch of Mineral 2672 varas to a post in prairie; thence west 3119 varas to beginning.

The only calls of the Lamar survey as given in the field notes that can be found and identified upon the ground is the beginning point of the survey—the northeast corner of survey No. 25—and the call for the line east 2912 varas from the southwest corner of survey No. 23 to the northwest corner of survey No. 7. The evidence shows that this line for a part of the distance is marked.

The evidence shows, that at a point about 694 varas north of the southwest corner of survey No. 23—the distance called for in the field notes of the Lamar—there is found a rock mound, which is by some of the witnesses regarded as the northeast corner of the Lamar survey. This rock mound is not called for in the field notes, nor does it appear when and by whom it was placed there. The appellee evidently contends—although the point is not presented in his brief—that the jury properly ascertained the north line of the Lamar by running on the marked line of the Lamar to the southwest corner of survey No. 23, and thence running north 694 varas, the distance called for in the field notes for the northeast corner of the Lamar, and thence west 3119 varas, the distance called for as the north line of the Lamar. That thus reversing the calls would place and locate the north line of the Lamar as claimed by appellee, and would also place the northeast corner of the Lamar at the rock mound testified to by some of the witnesses as the northeast corner of the survey, and would place the possession of appellant south of such line, and include the land in controversy.

On the other hand, appellant contends that as the north line of the Lamar is in the prairie, and no objects called for in the field notes are found on the ground, that the jury could have ascertained and located the north line of the Lamar by running from its established southwest corner north 5132 varas, the course and distance called for in the field notes, and stopping at this distance would place the north line of the Lamar south of the land in controversy. This being the contention of appellant, he insists that the court erred in refusing the charges requested. In other words, that it was his right, when requested, that the mind of the jury should be directed to his theory of the location of the north line of the Lamar. There is nothing in the general charge instructing the jury that they may ascertain the locality of the north line of the Lamar by running course and distance from its southwest corner or any other ascertained line or corner of the survey. Giving effect to the calls of the field notes of the Lamar, we see no other way of locating its north line except by running course and distance from some ascertained line or corner of the survey. We can not regard the rock mound, as testified to by some of the witnesses as the northeast corner of the survey, as an object found upon the ground indisputably fixing its northeast corner and the north line of the survey, because the rock mound is not called for in the field notes. Anderson v. Stamps, 19 Texas, 464; Schaeffer v. Berry, 62 Texas, 714; Robertson v. Mosson, 26 Texas, 248.

The charge requested is not free from objection, in that it requires the jury to ascertain the north line of the Lamar by course and distance from the beginning corner of the survey. It should not have confined them to the beginning corner alone from which to construct the survey. It should have also permitted the jury to locate the north line of the sur-

vey by running course and distance from any established corner of the survey that they under the facts and circumstances may have regarded as the most certain and reliable calls in the field notes. Gerald v. Freeman, 68 Texas, 203; Duff v. Moore, 68 Texas, 271.

But while it is true that this charge is not accurately correct, it is sufficient to call the attention of, the court to the importance of presenting to the jury their privilege of ascertaining the north line of the Lamar by running course and distance from any ascertained corner of the survey. We think the requested charge sufficient as a call upon the court to require it to give a correct charge on the question indicated, and for the refusal of the court to so do we reverse and remand the case.

*Reversed and remanded.*

Adopted May 17, 1892.