## W. M. GOODSON v. F. M. FITZGERALD.

### Decided November 18, 1908.

**1.—Boundaries—Evidence—Opinion of Surveyor.**

In a case where the title to land depended on the true location of the north line of another survey, a surveyor who had run out the tracts could not testify that a certain line, which had been pointed out to him, was, to the best of his knowledge and belief, the north line of such survey. He should only be permitted to state the facts as found by him on the ground; to give his opinion or conclusion therefrom invaded the province of the jury.

**2.—Same—Case Distinguished.**

The ruling in this case on former appeal (Goodson v. Fitzgerald, 40 Texas Civ. App., 619), distinguished as not in conflict with that here announced.

**3.—Stare Decisis—Second Appeal.**

Where a judgment is reversed with remand for general retrial of the issues, the court will not usually re-examine questions determined on the first appeal, but it is not bound to follow such rulings and may reverse and revise them when incorrect.

Appeal from the District Court of Chambers County. Tried below before Hon. L. B. Hightower.

*H. E. Marshall,* for appellant.—The testimony of Eubank was inadmissible. Robinson v. Douthitt, 64 Texas, 107; Randle v. Gill, 77 Texas, 354; Reast v. Donald, 84 Texas, 648; Russell v. Hunnicutt, 70 Texas, 659; Clegg v. Fields (N. C.), 75 Am. Dec., 450; Barrow v. Cobleigh (N. H.), 35 Am. Dec., 505.

*C. F. Stevens,* for appellee.—The admissibility of Eubank's testimony was settled on the former appeal. Goodson v. Fitzgerald, 40 Texas Civ. App., 619; Frankland v. Cassiday, 62 Texas, 418.

The law as announced on appeal by a court of last resort must govern the case through all subsequent stages of its progress, and will seldom be reconsidered or revised. Only in exceptional cases will the court deviate from the application of the law as first announced. Frankland v. Cassiday, 62 Texas, 418; Galveston Ry. v. Smith, 24 S. W., 670; Bomar v. Parker, 68 Texas, 438; Missouri, K. & T. Ry. Co. v. Belew, 26 Texas Civ. App., 8; Hastings v. Foxworthy, 45 Nebr., 69; Furth v. Snell, 13 Wash., 665.

RICE, ASSOCIATE JUSTICE.—This suit was brought in trespass to try title by appellee against appellant for the recovery of a certain tract of land alleged by him to be the south quarter of the Welch league, of which league he was the owner. The only question involved in the controversy was one of boundary, appellant contending that the land sued for was a vacant strip lying between said Welch league and the Henry Griffith league, and the following plat, while not accurately correct, will illustrate the respective contentions of both appellant and appellee:

There was a jury trial and verdict for appellee, upon which judgment was entered, and from which this appeal is prosecuted. This is the second appeal of this case, the former being reported in 40 Texas Civ. App., 619.

While there are many questions presented by this appeal, as in our view the case must be reversed on account of the admission of certain testimony, as hereinafter indicated, we will therefore pretermit a discussion of the other questions involved.

The issue in the court below was as to the true location of the south boundary line of the Welch league, plaintiff contending that there was no vacancy between the Welch and the Henry Griffith leagues, and that the north line of the Griffith was identical with the south line of the Welch, while the defendant asserted that the south line of the Welch, as fixed by course and distance from the northeast corner of the Welch, was at a point 1034 varas north of the north line of the Griffith. The field notes of the Welch which were offered in evidence, as shown from the original title, are as follows:

Beginning at a double ash, one prong 8 inches in diameter and the other ten inches in diameter, the first corner of the survey, on the west bank of Old River and west of the Trinity, from which an ash 12 in. dia. bears south 39 W., 10 varas distant, and a hackberry 10 in. dia. bears N. 45 W. 9 varas distant. Thence S. 60 W. 6510 varas were measured, second corner was formed, raising a stake in a mound on the prairie. Thence S. 30 E. 4009 5-10 varas were measured and third corner was formed, raising a stake in a mound on north boundary of Henry Griffith. Thence N. 60 E. 5750 varas were measured until meeting the beginning corner of this survey.

The original field notes of the Henry Griffith league are as follows, to wit: "The league surveyed for Henry Griffith is situated on the south bank of Old River, joining on and below a fourth of a league which is vacant, and from the northeast corner of said fourth league, at a distance of 8 varas north 42 degrees west, there is a gum tree eight inches in diameter, and at a distance of seven varas to the south, 12 degrees west, is a white oak 12 inches in diameter, which is a corner; and from there to the south 60 degrees west 7800 varas until reaching a stake which is a corner; and from there to the south 30 degrees east 2450 varas to where it is cut by the northern boundary of the league surveyed for Wm. Bloodgood, from where another line was run to the east 250 varas until reaching the northeast corner of said Bloodgood; and from there to the south 500 varas, following the eastern line of said Bloodgood until reaching a stake which is a corner; and from there to the north 60 degrees east 9000 varas, and from there following the turns of the river upwards until reaching the point of beginning."

The northeast corner of the Welch as described in the field notes is well established, and about it there is no controversy. The bearing trees, as called for in the field notes of the Griffith northeast corner, have not been found upon the ground. There was considerable evidence offered going to show where the north line of the Griffith was, as fixed by general reputation and by the declaration of Griffith himself, the grantee therein, who was dead at the time of the trial; but three marked lines were found in the locality thus fixed by said declaration of Griffith and general reputation as being his north line, and there was nothing to indicate which of these several lines, if either, was in fact the north line of the Griffith, except general reputation and the declaration of the deceased owner, and there were no other marked lines or corners found upon the ground as called for in the Griffith, by which the true location of its north line could be determined. If the call in the Welch field notes for the Henry Griffith north line were to prevail over course and distance called for therein, then there would be no vacancy, and plaintiff would be entitled to recover; but, on the other hand, if course and distance should control, then the land in controversy would not be included within the Welch, because the south boundary line of the Welch, as fixed by course and distance, would stop short of reaching the Griffith north line, as contended for by appellant, 1034 varas. This being the true issue in the case, appellant contends by his fifth assignment that the court erred in permitting the witness Eubanks, a surveyor, to state over his objection that, to the best of his knowledge and belief, the line he ran out as the north line of the Henry Griffith, in connection with Addison Barber,

is the original north line of said Griffith league, because same is a conclusion of the witness and does not state any facts and monuments and identification of monuments, etc., and because said conclusion of the witness usurped the functions and province of the jury.

It is shown by the evidence of Addison Barber that Henry Griffith during his lifetime had pointed out to him on the ground what he claimed to be the north line of the Griffith league, and it appears from the testimony of Eubanks that a short while before the trial, he, together with said Barber, went upon the land with the view of finding the north line of the Griffith, as pointed out by said Griffith to Barber, and after stating that Barber pointed out the place to him, which he examined to see if the marks found corresponded with the old marks, he was allowed to testify over the objection of appellant, as shown by his bill, as follows, speaking with reference to the Griffith line so pointed out by Barber: "That this line, to the best of my knowledge and belief, is the north line of the Henry Griffith." This testimony was objected to by appellant on the ground heretofore stated.

We think the admission of this testimony was error, because this witness should only have been permitted to state the facts as found by him upon the ground, and ought not to have been allowed to state his opinion or conclusion drawn therefrom, because this would be usurping the province of the jury, who alone were the arbiters to determine where, in fact, this line was. (Randall v. Gill, 77 Texas, 354; Reast v. Donald, 84 Texas, 648; Russell v. Hunnicutt, 70 Texas, 659; Robinson v. Douthit, 64 Texas, 107; Clegg v. Fields (N. C.), 75 Am. Dec., 450; Barron v. Cobleigh (N. H.), 35 Am. Dec., 505.)

In the case of Reast v. Donald, supra, Chief Justice Fisher delivering the opinion of this court on a similar question, used the following language: "In the trial below witness Hopson, a surveyor, who appeared to be familiar with the locality of the surveys, was asked his opinion whether the Lamar survey was actually located on the ground, or was what is known as an office survey. Objection was made by appellee to this question, and the witness was not permitted to answer. This is assigned as error. This was not a matter about which the surveyor is permitted to express his opinion. Whether the land was actually located and surveyed, or was what is known simply as an office survey, should be determined by the jury from all the facts in evidence."

In Randall v. Gill, supra, witnesses were permitted to express their opinions to the effect that when the original survey was made none but the western line was actually run. The court, Judge Henry delivering the opinion, in passing thereon said: "In this we think there was error. It was not a fact to be proved by expert evidence. The witnesses had surveyed the land and had described the facts as they found them to exist on the ground. That was as much as it was proper for them to be permitted to do. It was the province of the jury to conclude from the facts proved whether or not the lines were actually run."

Appellee contends, however, that this same question was determined adversely to appellant on the former appeal of this case, and that the rule of *stare decisis* applies, and the same is not the subject of revision here. By reference to the opinion in the former appeal (Goodson v. Fitzgerald, 40 Texas Civ. App., 619) it will be seen that it can not be

determined therefrom what objection was urged to this testimony by appellant in the court below. And it will be further seen that the same question as here raised was not then in fact considered, because the court only held it admissible for the purpose of identifying the lines spoken of by the witness Eubanks with that shown him by Barber. We, too, think that if the testimony of Eubanks had been confined to the point of identifying the line found on the ground as the one shown to him by Barber, that no sound objection could have been made thereto, but the testimony here objected to goes further than the identification of the line, and the witness is allowed to say, and does say over appellant's objection, that the particular line shown to him by Barber was, in his opinion, the north line of the Griffith, bringing, in our judgment, the testimony clearly within the rule announced by the cases heretofore cited, and therefore subject to the objection urged against it. We therefore do not think that the point here raised falls within the principle announced in Frankland v. Cassaday, 62 Texas, 418; Galveston Ry. v. Smith, 24 S. W., 670; Bomar v. Parker, 68 Texas, 438, and Missouri, K. & T. Ry. Co. v. Belew, 26 Texas Civ. App., 8. But even in those cases it is held that in exceptional instances, or for urgent reasons shown, the rule contended for by appellee would not be adhered to. And in the case of Hastings v. Foxworthy, 34 L. R. A., 321, it is held that an appellate court on the second appeal of the case will not ordinarily reexamine questions of law presented by the first appeal; but where the case was on the first appeal remanded generally for a new trial, and the same questions are presented on the second trial, the appellate court is not bound to follow the opinion on questions of law presented on the first appeal, and may reexamine and reverse its rulings on such question, and should do so, when the opinion first expressed is manifestly incorrect.

We do not hold that the former opinion was incorrect in holding that the evidence as there intimated was admissible if confined alone to the identification of the line pointed out, but we do hold that the opinion in that case did not go to the extent of holding that the evidence would have been admissible, if offered for the purpose of showing that, in the opinion of said surveyor, the line so found by him was in fact the true north line of the Griffith. Nor is this harmless error, as contended for by appellee, because the very issue in the case was as to where, in fact, was the true south line of the Welch, which was claimed to be the north line of the Griffith. And it seems to us that as the jury could have been largely influenced in reaching their conclusion by reason of the opinion thus expressed by said Eubanks as to this, in his opinion, being the true north line of the Griffith, it could not be regarded harmless.

Believing that the court erred in admitting said testimony, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*