CROOKER et al. v. NATIONAL PHONOGRAPH CO.

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied March 16, 1911.)

1. BILLS AND NOTES (§ 226*)—INDORSEMENT—CONSIDERATION.

That, contemporaneously with the execution of certain promissory notes, there was a verbal agreement by the payee to take merchan-

dise which the maker had on hand, bought of the payee, in payment of the notes, and not to demand payment if the agreement to ship the goods, for which no specified time was stipulated, was carried out, and that the payee declared the notes due and attempted to collect them, notwithstanding the shipment by the maker, does not constitute a failure of consideration for an accommodation indorsement, but merely entitles the indorser to such damages as he may have sustained by the breach of the contract.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 226.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITING—PROMISSORY NOTE.

In an action on promissory notes, evidence of a contemporaneous agreement that the payee, should take merchandise which the maker had on hand, bought of the payee, in payment of the note, and that payment should not be demanded if the maker should ship the goods as stipulated, no time being fixed for the shipment, was inadmissible, as varying the written contract as to the medium of payment and time of payment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1845, 2030–2047; Dec. Dig. § 441.*]

3. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITING—CONSIDERATION.

Though, in general, parol evidence may be allowed to show the consideration of a written contract, where the alleged consideration consists of a contemporaneous agreement entirely at variance with the written contract, evidence thereof is not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1845, 2030–2047; Dec. Dig. § 441.*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by the National Phonograph Company against E. L. Crooker, receiver of the Texas Piano & Phonograph Company, and others. From a judgment for plaintiff, defendant W. G. Burchfield brings error. Affirmed.

John G. Tod, for plaintiff in error. Hunt, Myer & Teagle, for defendant in error.

REESE, J. The National Phonograph Company, a New Jersey corporation, brought this suit against E. L. Crooker, receiver of the Texas Piano & Phonograph Company, a Texas corporation, and W. G. Burchfield, to recover the amount due upon 25 promissory notes, amounting, in the aggregate, to $25,000, besides interest and attorney's fees. A trial with a jury resulted in a judgment for plaintiff for $25,437.39. Defendant Burchfield filed a motion for a new trial, which was refused, and he brings the case to this court upon writ of error.

There is no statement of facts in the record, and the only error assigned is as to the action of the court in excluding certain testimony offered by plaintiff in error on objection of defendant in error.

The petition is in ordinary form, alleging, in substance, the execution of the notes by the Piano & Phonograph Company payable to plaintiff, and that at the same time they were executed by the said Burchfield by signing his name on the back thereof. The first 20 of said notes were for $750 each, maturing as follows: April 13th, 18th, 25th; May 2d, 9th, 16th, 23d, 29th; June 6th, 13th, 20th, 27th; July 2d, 7th, 10th, 14th, 17th, 20th, 25th, 30th. The last five of the notes were for $2,000 each, due August 4th, 6th, 8th, 10th, 13th, all in 1908, and each of the notes dated April 10, 1908. It is alleged that Burchfield, who signed said notes at the time of their execution, is jointly liable for their payment. On the same day and simultaneously with the execution of the notes, the said Piano & Phonograph Company and Burchfield executed the following agreement: "On this, the 10th day of April, 1908, we executed twenty-five (25) notes payable to the order of the National Phonograph Company, twenty (20) of said notes being for seven hundred fifty ($750) dollars each and maturing from April 13th to July 30th, 1908, and five (5) of said notes being for two thousand ($2,000) dollars each, and maturing from August 4th to August 13th, 1908. In connection with the execution of said notes, and the agreement on the part of the National Phonograph Company to accept the same in extension of the indebtedness we are now due them, we agree hereby that if default shall at any time be made in the payment of any one of said notes of said series, such default shall mature all of said notes, at the option of the holder. It is further agreed, that if said notes or any of them are not paid at maturity, and are placed in the hands of attorneys for collection, or suit is brought thereon, then 10 per cent. additional on the principal and interest shall be added thereto as attorney's fees. This instrument is executed and made part of the series of notes of even date herewith." It was further alleged that each of the first six notes maturing was presented for payment, which was refused and they were duly protested. There were the usual allegations that notes had been all declared due, as authorized by the agreement, that they had been placed in the hands of an attorney for collection, upon a contract to pay him 10 per cent. attorney's fees, which was a reasonable attorney's fee. The suit was instituted July 2, 1908, at which time 12 of the notes, aggregating $9,000, were due.

Plaintiffs in error pleaded certain payments which were not disputed, being the amount of certain merchandise delivered to defendant in error, for which proper credit was given. In addition, plaintiffs in error pleaded that the consideration of the notes had failed, in this: that the Piano & Phonograph Company was indebted to defendant in error in the sum of $25,000 overdue, and that it was not able to pay the same, whereupon the agent of defendant in error agreed that the Piano & Phonograph Company exe-

cute the notes aforesaid, and that plaintiff in error Burchfield, who was secretary of the corporation and owned a majority of its stock, should also indorse the same, which was done. But it is further alleged that as an inducement for plaintiff in error signing the notes the said agent agreed that, if the Piano & Phonograph Company would execute the notes, and plaintiff in error would endorse same by writing his name on the back of the same, thereby guaranteeing their payment, defendant in error would accept the notes, thereby granting the maker an extension of time upon its debt, then due, to the several maturity dates of the notes, and that the said agent of defendant in error promised plaintiff in error, as an inducement to get him to indorse the notes, as aforesaid, that defendant in error would receive from the Piano & Phonograph Company as payment on said notes the goods which it had on hand, purchased from defendant in error, and the shipment of said goods should begin before the first note should fall due, and that when the goods were shipped back by the Piano & Phonograph Company, same should be credited upon the notes in the order of their maturity. It was also alleged that as a further inducement to procure plaintiff in error to indorse the notes the said agent promised him that said notes should not be presented through any bank for collection, or protested, without notice thereof being given in advance to the Piano & Phonograph Company, and that when any of said notes became due, in case the Piano & Phonograph Company were not able to meet them, defendant in error would grant an extension thereof. These promises were alleged to have been the sole consideration moving plaintiff in error to indorse the notes. It was further alleged that the Piano & Phonograph Company in accordance with said agreement shipped back to defendant in error, before the maturity of the first of the notes, merchandise of the value of $1,695.10, which was sufficient to pay the first two notes, with $195 credit on the third, but that when the first of said notes fell due, defendant in error sent it to a bank in Houston for collection, and, although the piano company requested an extension of the same, it was refused, and, the same not being paid, all of the notes were declared due, placed in the hands of an attorney, and suit threatened on the same; that because of this action the Piano & Phonograph Company was unable to meet its obligation at once, and in consequence its business and property was put in the hands of a receiver. All of this is pleaded as a failure of consideration of the notes, and of plaintiff in error's indorsement thereof. Defendant in error by supplemental petition pleaded a general demurrer and general denial to the answer. The demurrer does not appear to have been acted on.

Upon the trial plaintiff in error Burchfield and the piano company filed a paper admitting that plaintiff had good cause of action as set out in its petition, except so far as it might be defeated in whole or in part by the facts of defendants' answer constituting a good defense which might be established on the trial, and upon this they claimed the right to open and conclude, which seems to have been granted. On the trial of the case plaintiff in error Burchfield offered in evidence the testimony of H. M. Holleman, and of himself, to the effect, in substance, that Dolbier, the agent of defendant in error, had a conference with himself, who was president, and plaintiff in error Burchfield, who was treasurer and manager of the Piano & Phonograph Company, exhibited a statement of the account, and demanded that the sum be immediately settled by notes of the company, and promised that, if the notes were given and Burchfield would indorse them, he would forward the notes to Orange, N. J., where they would be held as a protection to plaintiff's account should it become necessary, and that none of the notes would ever be presented for payment unless Burchfield, as the manager of the company, failed to return sufficient merchandise of plaintiff's manufacture to its factory at Orange, N. J., to cover the entire account. Dolbier requested Burchfield to indorse the notes, stating that such indorsement was merely to be evidence of Burchfield's good faith in seeing that shipments of merchandise to apply on plaintiff's notes would be made by the company to plaintiff, and told Burchfield not to make large shipments, but to get them out in small quantities every day or so, and the notes would be released as fast as the shipments could reach the factory; that the first notes would be due before the first shipment could be made, but that would make no difference, as the notes would be sent and held at the home office, and should it be necessary to present one of the notes ample notice would be given. Witness further testified that he saw Dolbier later in the day and the agreement for attorney's fees and to mature all notes on failure to pay one was signed, at which time Dolbier promised Burchfield that all merchandise shipped would be credited as fast as checked over and plaintiff would hold the notes until such checking was made; that the earlier maturing notes would be kept at the office in Orange; that by indorsing the notes Burchfield would incur no personal liability; that the merchandise to be returned would lower the total amount of the debt, and would be credited as it was received at the factory, no special date being required for goods to reach the factory. The testimony of plaintiff in error Burchfield was, in substance, to the same effect as to the agreement to take goods in payment of the notes which were to be shipped and credited

on the notes in order of their maturity, and that payment should not be demanded if this was done, and that the notes should not be presented through a bank for collection or protested without notice in advance. He further would have testified that it was agreed that in case any note should become due, and the company should not be able to pay it, plaintiff would grant an extension, and these matters constituted the sole inducement of his indorsement. He further offered to testify that merchandise was shipped to the amount of $1,695, which should have been applied to the payment of the first two notes maturing, leaving $195.10 to be credited on the third note, and that plaintiff should have thereupon surrendered the first two notes, but that, instead of doing so, plaintiff sent the first of said notes, when it became due, to a bank in Houston for collection and refused to grant an extension of time, but declared all of said notes due and placed them in the hands of an attorney for collection because of which the company was not able to at once meet its obligations and was placed in the hands of a receiver.

All of this testimony was objected to by defendant in error on the ground that the effect of it would be to vary the terms of the written contract, as evidenced by the notes and the written contract executed in connection therewith, which objection was sustained by the court, and plaintiff in error excepted. These rulings of the court are made the grounds for the four assignments of error presented in the brief. The substance of the evidence is that, contemporaneously with the execution of the notes, there was a verbal agreement to take the merchandise which plaintiff in error had on hand, bought of defendant in error, in payment of the notes, and that payment should not be demanded if the agreement to ship these goods, for which no specified time was stipulated, was carried out. We think that if this evidence was admissible, as against the objection, it would not have amounted to a failure of consideration, but would only have entitled plaintiff in error to such damages as he might have sustained by reason of the breach. No fraud nor mistake on the part of defendant in error was alleged. The entire debt was due, and, at any rate, the makers of the notes got the benefit of the extension until the notes matured. But the effect of the agreement was to change the whole contract. Instead of a definite promise to pay certain sums in money, on certain dates, by the alleged agreement, defendant in error would have had an agreement to get that much in merchandise to be shipped to it at no specifically stipulated dates, and accompanied with an obligation not to pre-

sent the notes for payment in the regular way, but to wait on these shipments. It was even agreed that when the notes were due, if not paid as agreed, in merchandise, if the company was not ready to pay, an extension should be granted. We can hardly conceive of a more complete variance between the written and alleged verbal contract, unless, indeed, it had been agreed that payment of the notes should not be demanded at all. A promise to pay in money cannot be varied by parol by an agreement to pay in property. Roundtree v. Gilroy, 57 Tex. 176. Nor can a written contract to be performed at a time certain be varied by parol evidence of an agreement that it was not to be performed at that time, but at some time later. Self v. King, 28 Tex. 553. The principle is elementary and hardly needs the citation of authority to support it, but we cite a few of the decisions of this state on the point. Self v. King, supra; Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Cresap v. Manor, 63 Tex. 488; Nixon v. State Bank, 127 S. W. 882.

But it is insisted by plaintiff in error that he should be allowed to show by parol the consideration of his indorsing the notes, and that the same failed. No doubt the general rule is as contended, but in showing the consideration plaintiff in error relies upon a parol agreement entered into prior to and substantially contemporaneous with the execution of the notes entirely variant from the written contract, an entirely different contract, in fact, and the breach of this parol agreement is relied upon as a failure of consideration. A party cannot be allowed in this way to avoid the effect of the established rule of evidence which forbids that a written contract be varied by a parol prior or contemporaneous agreement. The first step in the evidence would be to show that the writing does not express the real contract which was in fact quite different. Suppose a defendant when sued upon a promissory note payable in a year should offer to prove that it was agreed that payment of the note was not to be demanded for two years, and that this was the consideration of his signing, and that the consideration had failed by reason of a breach of plaintiff's agreement, by demanding payment when due, according to the terms of the written contract, with injurious consequences to himself. It is clear in such a case that, as the contract could not be thus varied by parol, such failure of consideration could not be shown.

Our conclusion is that the trial court did not err in sustaining the objections to the testimony. There are no errors assigned, and the judgment must be affirmed.

Affirmed.