## MASSEY et al. v. ALLEN et al.   (No. 8322.)

(Court of Civil Appeals of Texas. Dallas.
May 1, 1920. Rehearing Denied
June 19, 1920.)

**I. Wills ⊜⇒94 — Essentials of instrument stated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7857, every will, except when·wholly in the handwriting of testator, must be in writing and signed by testator, or by another at his direction and in his presence, and attested by two or more credible witnesses above the age of 14 years, by subscribing their names thereto in presence of testator.

**2. Wills ⊜⇒293(I)—Evidence other than that prescribed by statute may be resorted to for probate.**

While the method of Vernon's Sayles' Ann. Civ. St. 1914, art. 3267, is the preliminary rule for proving wills, other evidence may be resorted to, both in lieu of the statutory method and to supply lapses of memory on the part of the subscribing witnesses.

**3. Wills ⊜⇒302(I)—Evidence held insufficient to prove due execution.**

In proceedings to probate a will, evidence *held* insufficient, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3267, to prove execution in compliance with article 7857.

**4. Wills ⊜⇒165(I)—Declarations of testator inadmissible, except on issue of undue influence.**

Though declarations of testator that he has made his will are not admissible, either on issue of execution or attestation, where it is alleged by contestants that proponents have exercised undue influence, such declarations, made within a reasonable period from execution, are admissible to show testator's state of mind and effect of such influence thereon.

**5. Wills ⊜⇒322—Declarations of testator inadmissible in rebuttal.**

In proceedings to probate a will, testimony of a devisee as to certain declarations of testator tending to show the will offered was the will he intended to make, such witness being called by proponents in rebuttal, should have been excluded.

**6. Evidence ⊜⇒155(I) — Admission of illegal evidence does not authorize similar evidence for adversary.**

The admission of illegal evidence on the part of one of the parties will not authorize his adversary to introduce similar illegal evidence in rebuttal, when excepted to.

**7. Appeal and error ⊜⇒1050(I)—Testimony harmless, where party does not object to like testimony.**

Where an objecting party permits like testimony to be introduced without objection, that admitted over his objection will be held harmless.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Application to probate the will of W. J. Allen by John Allen and others, contested by R. R. Massey and others. From judgment admitting the will to probate, contestants appeal. Judgment reversed, and cause remanded.

Muse & Muse, of Dallas, and Simpson, Lasseter & Gentry, of Tyler, for appellants.
Wynne, Wynne & Gilmore, of Wills Point, and Stanford & Sanders, of Canton, for appellees.

RASBURY, J. Appellants in the court below contested the application to probate the will of W. J. Allen, and the appeal is from the judgment of the court, entered upon special verdict of the jury, admitting it to probate. By requested peremptory instruction in the court below before verdict, and in various ways thereafter, appellants challenged the sufficiency of the evidence to warrant the probate of the will and as a consequence the submission of the case to the jury. In our opinion the contention must be sustained. We will not attempt to follow appellants' method of presenting the issue, but, in lieu thereof, state the reasons why, in our opinion, the evidence does not support the findings of the jury, which, aside from the issue of fraud and undue influence, were in substance that N. A. Matthews and R. F. Williams, subscribing witnesses to the will, signed same in the presence of W. J. Allen, the testator.

[1] To properly understand our conclusion, it will be of assistance to recall that every will, except when wholly in the handwriting of the testator, to have effect as such, must be in writing and signed by the testator, or by another at his direction and in his presence, and attested by two or more credible witnesses above the age of 14 years by subscribing their names thereto in the presence of the testator. Article 7857, Vernon's Sayles' Civ. Stats. That the essentials required by the article cited to constitute a will, when not wholly in the handwriting of the testator, concurred, are to be shown primarily (1) by the written affidavit of one of the witnesses, taken and subscribed in open court, or by their depositions if they are nonresidents of the county or unable to attend court; or (2) if none of the witnesses are living, then by proof of the handwriting of the testator and the attesting witnesses by affidavit taken in open court or by depositions. Article 3267, Id. It has been decided that in the cases first enumerated—that is, when the will is proven by the affidavit of one of the attesting witnesses—"the clear inference is that it [the affidavit] must contain such [facts] as are necessary to concur

for the due execution of the will." Tynan v. Paschall, 27 Tex. 286–299 (84 Am. Dec. 619). The facts which must concur are those things enumerated in article 7857, supra, as the requisites for a will, as that it was signed by the testator, or by another at his direction and in his presence, and attested by two or more credible witnesses above the age of 14 years, by subscribing their names in the presence of the testator. Concerning proof of the will in the cases last enumerated, it was decided in the same case that, when the direct testimony of one or more of the subscribing witnesses—

"cannot be had, the statute also prescribes that it may be probated on proof by two witnesses of the handwriting of the subscribing witnesses, and also of the testator, if he was able to write. When this character of testimony can be resorted to, the statute indicates all that it is necessary to establish by the witnesses."

[2, 3] In short, when such proof is allowable, and it is allowable when that first required cannot be secured, the will may be probated on proof by two witnesses of the handwriting of the testator and the subscribing witnesses. Further, while the statutory method is the primary rule for proving wills, other evidence may be resorted to, both in lieu of the statutory method and to supply lapse of memory on the part of the subscribing witnesses. Tynan v. Paschall, supra. What, then, does the evidence disclose in that respect? The facts deducible from the testimony on that issue, as contained in appellees' brief, which we assume to be all the testimony, are these:

T. J. McKain, at the request of W. J. Allen, the testator, wrote the instrument tendered for probate and witnessed by R. F. Williams and N. A. Matthews in his office in Wills Point at the dictation and in the presence of Allen. When completed McKain read the instrument to Allen, and at his request signed Allen's name thereto; Allen making his "mark" to indicate such signature was his. After signing the will in the manner indicated, McKain advised Allen that two witnesses were required to the will, whereupon Allen left McKain's office to procure the witnesses. According to McKain's "best recollection," the witnesses signed as such in his office; Williams being accompanied to his office for that purpose by Allen. The signature, "N. A. Matthews," signed to the instrument offered as Allen's will as a witness, was shown by those qualified to know to be the genuine signature of N. A. Matthews, who was dead, and who was over 21 years of age at the time he signed same. R. F. Williams, the other witness to the will, testified to the genuineness of his signature, and that he was over 21 years of age when he signed it. The only other fact he remembered in connection with the matter was that Allen requested him to go to McKain's office and sign a document, which he understood to be Allen's will. Otherwise his memory had lapsed. He could not recall whether Allen or any one else was present when he signed the will. He also testified 'that Matthews was dead and over 21 years of age at the time he signed the instrument.

It was also shown that Allen, the testator, while illiterate, was intelligent and a person of strong and determined character, accompanied by testimony of certain declarations of Allen, subsequent to making the will and prior to his death, the tendency of which was to show that he intended to dispose of his property in the manner provided in the will. Typical of these declarations was the statement to William Pilley that some of his children had not "treated him right," and that he had given his property to his son John, and left his grandchildren $500 each, and had made a will accordingly; the declaration to Henry Gilchrist in his last illness, when he learned that his cash at bank was in excess of what he expected, "that John was going to get that money"; the statement to Jim Wilson that his son John would be manager of his property after his death. To Dick Sinclair he declared that he had made a will, so that none of the children would get anything, except John, and, when reminded that wills are often "broken," declared, "By God, I was present when this one was made." Declarations of like character were made to W. M. Massey, J. A. Vance, John Henry Jackson, and Andy Hawkins.

Such are the facts, and from them it appears, if the rule prescribed first by the statute is applied, that the only showing made by Williams, the living subscribing witness, is that he signed it, which is insufficient. On the other hand, if it be conceded that the next rule prescribed applies when one of the witnesses survives the testator, notwithstanding the statute declares it applies when all witnesses are dead, the showing in that respect is also insufficient, since, while the statute requires the handwriting of the testator and the witnesses to be proven by two witnesses, as matter of fact McKain only testified to the testator's handwriting and that of Matthews, and Williams to his own. In short, one witness only identified each signature, while to admit the will to probate two witnesses must identify each signature.

It is also apparent, from the facts we have recited, that the execution of the will was not otherwise proven, as it is said in the case so often cited herein may be done, when the primary rule cannot be complied with. If less witnesses are required to prove the will, when it cannot be done by the affidavits of the subscribing witnesses, it is none the less

certain that every essential required must be shown in some way, and in that respect the proof also fails; for, while it was shown that Allen signed, and that Williams and Matthews subscribed as witnesses, and that both were over the age of 14 years, there is no showing that both or either signed as witnesses in the presence of the testator.

It is true that the declarations of the testator which we have recited were shown, and that they tend to prove that Allen believed he had executed a will. In the only case cited in this opinion it was said concerning such declarations:

"Nor will the declarations and acts of a party, indicating a belief that he has a will, add but little, if any, strength to the other testimony adduced to prove its due execution."

The facts in the case at bar illustrate the force of the argument, for, while Allen's declarations clearly indicate the disposition he desired to make of his property, they have no tendency whatever to prove that the witnesses signed the will in his presence.

The case of Hopf v. State, 72 Tex. 281, 10 S. W. 589, is not, in our opinion, one that presents facts parallel to those in the case at bar. There not only was the genuine signature of Neiman, the testator, shown, but it was also shown by Bumpas, one of the witnesses, that he signed in Neiman's presence. It was further shown by one Tobion that Neiman in his presence requested Schul, the other subscribing witness, to sign what Neiman said was his will, and that Schul did, as requested, sign such paper. Such facts clearly support the inference, not that the witnesses signed in the presence of the testator, for that was shown directly, but that the paper Schul signed was the will. In the case at bar, however, there is nothing that such an inference could be founded on, since the evidence only discloses the naked fact that the witnesses signed the instrument.

[4] Complaint is made of the admission in evidence of the declarations of the testator heretofore recited, on the ground that they prove neither the execution nor the attestation of the will. So stated, the contention is correct. However, it was alleged by appellants that appellees had exercised undue influence upon the testator to induce the execution of the will. When that issue is in the case, and the issue independently proved, such declarations in turn become admissible, when made within a reasonable period from the date of the execution of the will, for the purpose of showing the testator's state of mind and the effect of such influence thereon. Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138.

[5-7] Amanda Glidden, a devisee in the will, was permitted over the objections of appellants, in rebuttal, to testify to certain declarations of the testator, tending to show that the will offered was the will he intended to make, being called as a witness by appellees, the proponents. The testimony should have been excluded. Leahy v. Timon (Sup.) 215 S. W. 951. It appears, however, from the record, that appellants were permitted by the court, over objections, to introduce similar illegal testimony favorable to them. That fact is urged as justification for admitting the testimony of Mrs. Glidden. It is the rule that the admission of illegal evidence on the part of one of the parties will not authorize his adversary to introduce similar illegal evidence in rebuttal, when objected to. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613. The contention is not, in our opinion, within the rule that holds that, where the objecting party permits like testimony to be introduced without objection, that admitted over his objections will be held harmless. Appellants did not permit similar testimony to be introduced by appellees. What really transpired was that appellees permitted appellants to introduce illegal testimony favorable to them, and then sought to rebut its effect by contradictory illegal evidence.

Because of the errors pointed out, it becomes our duty to reverse the judgment and remand the cause for another trial, consistent with the views herein expressed.