KIRBY LUMBER CO. et al. v. ADAMS et al.*
(No. 1455.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1927. Rehearing Denied Feb. 23, 1927.)

1. Appeal and error ⟺1001(1)—Where evidence is sufficient to raise issue submitted and to support verdict, judgment thereon must be affirmed.

It is not for the Court of Civil Appeals to determine the preponderating weight of evidence, and where there is sufficient evidence to raise issue submitted and evidence of probative force supporting verdict, judgment must be affirmed, unless reversed for other reasons.

2. Boundaries ⟺36(3)—General land office map held admissible, though made after boundary dispute arose and showing different situation than preceding maps.

General land office map of county held admissible in disputed boundary case as throwing light on or corroborating location of land in suit, though it was made after controversy arose and showed different situation from that delineated in preceding maps.

3. Judgment ⟺585(1)—Verdict and judgment are not res judicata in subsequent case, in which parties, subject-matters, and issues are different.

Verdict and judgment in prior case, wherein parties, subject-matters, and issues were different than in instant case, are not res judicata.

4. Evidence ⟺506—Expert surveyors' opinions as to location of survey line held inadmissible as invading jury's province.

In disputed boundary case, expert surveyors' testimony that, in their opinions, the west line of certain survey was located as contended by plaintiffs, held inadmissible as invading jury's province; that being the very question in issue.

5. Appeal and error ⟺1170(7)—Expert surveyors' testimony as to location of survey line held not harmless (Court of Civil Appeals Rule 62a).

Admission of expert surveyors' testimony, in disputed boundary case, that west line of certain survey was located where plaintiffs contended, held not harmless under Court of Civil Appeals Rule 62a, where location of line determined issue of ownership between litigants.

6. Appeal and error ⟺843(1)—Questions possibly not arising on retrial will not be discussed.

Questions which may not arise on another trial will not be discussed.

On Motion for Rehearing.

7. Appeal and error ⟺882(8)—Defendants introducing improper opinion evidence without objection held not estopped to complain of error in admitting like evidence for plaintiffs over objection.

That defendants, in disputed boundary case, resorted to opinions of expert surveyors to sup-

---

port their contention as to location of survey line did not estop them from complaining of error in admission of such testimony for plaintiffs, where defendants' evidence was introduced without objection, in which case other party cannot introduce, over objection, other improper evidence in rebuttal.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Trespass to try title by W. J. B. Adams and others against the Kirby Lumber Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.•

Kennerly, Williams, Lee & Hill, of Houston, for appellants.

J. T. Adams, of Orange, Geo. E. Holland, of Beaumont, and Roi Blake, of Jasper, for appellees.

O'QUINN, J. This suit was instituted by appellees against appellants. In form the action is one of trespass to try title, but the only question involved in the controversy is one of boundary. The land in controversy is known as the W. J. B. Adams 644.5-acre tract claimed by appellees to have been ·a vacant strip lying between what is known as the Toby scrip surveys on the east and sections 81 and 82, Texas & New Orleans Railroad Company surveys on the west. The appellants contend that there is no such legal survey as the Adams, because same was located upon and over the Toby scrip surveys, which were older and valid patented surveys, and that the Toby scrip surveys and the said Texas & New Orleans Railroad Company surveys adjoined the west line of the Toby scrip surveys, being the east line of said Texas & New Orleans Railroad sections, and that there was no vacant land between them, the Adams calls to be in at the southwest corner of George Uhler survey No. ·1 of the Toby scrip surveys, and to run north with the west line of same. The determining question is, Where is the west line of the Uhler? If the Adams survey is located upon and over the Toby scrip surveys, it is admitted that appellants have title to the land in question. If it is not located upon and over the Toby scrip surveys, it is admitted that it is owned by appellees.

The case was tried to a jury upon the single special issue of whether the true west line of the Uhler survey is located at the place claimed by appellees or the place claimed by appellants, which the jury answered in favor of appellees, and judgment was accordingly rendered in favor of them for the land.

[1] At the close of the evidence, appellants requested a peremptory charge in their favor, which the court refused, and they here assign the action of the court as error, and also say that there is no evidence of probative force to sustain the verdict of the jury.

These assignments are overruled. There was sufficient evidence to carry the case to the jury, an also to support the verdict. It is not for this court to determine the preponderating weight of the evidence, and where there is sufficient evidence to raise the issue submitted and then evidence with probative force supporting the verdict, the judgment must be affirmed, unless reversed for other reasons.

[2] Appellants complain that the court erred in permitting appellees to introduce a map of Jasper county from the general land office in evidence to sustain their contention of the vacancy between the Toby scrip surveys and Texas & New Orleans Railroad sections, 80 and 82, patented to W. J. B. Adams. The ground of objection was that said map was a revised map of Jasper county, made in 1918, long after this controversy arose, and hence this subsequently made map was not admissible to show the existence of said vacancy patented to Adams.

This assignment is overruled. It is generally held that maps from the general land office are admissible in evidence. Houston v. Blythe, 60 Tex. 506, 512; Boon v. Hunter, 62 Tex. 589; Kuechler v. Wilson, 82 Tex. 638, 18 S. W. 317. While the map in question was made after the matter in controversy here arose and showed the situation different from that delineated in preceding maps, still it was admissible for what it was worth as throwing light on or corroborative of the location of the land in suit. Finberg v. Gilbert, 104 Tex. 539, 550, 141 S. W. 82.

[3] Appellants' assignment that the verdict and judgment in the case of Adams v. Burrell (Tex. Civ. App.) 127 S. W. 581, was res adjudicata and conclusive against appellees here as to the location of the George Uhler survey is overruled. In the Burrell Case the parties were not the same and the subject-matters and issues were different.

[4] Appellants complain that in the trial the court permitted appellees to put several witnesses, expert surveyors, upon the stand, and, after having them to fully testify as to what they found on the ground·and as to the situation generally, then to ask them, from their experience as surveyors and what they found on the ground, where, in their opinion, the true west line of the Uhler survey was, whether as contended for by appellants or by appellees, and that over the objection of appellants they were permitted to state and give their opinion that said line was where appellee Adams contended it was. This is assigned as error.

We think the assignment should be sustained. It was not a matter about which they could give their opinion. It was a matter capable of being fully stated to the jury.

The witnesses had surveyed the land and had fully described all the facts as found by them on the ground. That was as much as it was proper for them to be permitted to do. It was the province of the jury to conclude from all the facts proved whether the line was where contended for by appellants or where insisted upon by appellees. The matter sought to be shown by the opinion of the witnesses was the very question in issue between the parties, and was one for the jury alone to determine. Randall v. Gill, 77 Tex. 351, 14 S. W. 134; Reast v Donald, 84 Tex. 651, 19 S. W. 795; Bugbee Land & Cattle Co. v. Brents (Tex. Civ. App.) 31 S. W. 695; Fulcher v. White (Tex. Civ. App.) 48 S. W. 881; Griffin v. Barbee, 29 Tex. Civ. App. 325, 68 S. W. 698; Goodson v. Fitzgerald, 52 Tex. Civ. App. 329, 115 S. W. 50; Kuechler v. Wilson, 82 Tex. 638, 641, 642, 18 S. W. 317.

[5] Appellees say that appellants cannot complain of the admission of this evidence because they resorted to similar testimony in the support of their contention. We have carefully examined the record and do not find that such questions were asked of any witness by appellants. Appellees also insist that the admission of the evidence was not error, but was proper, because the evidence going to establish the line in issue was not capable of being adequately produced before and described to the jury, and hence, the witnesses being experts and having made full investigations, their conclusion, gained from all these investigations, was an ultimate fact to be stated by them. We cannot agree with this contention. All the evidence as to the location of the line in dispute was easily susceptible of being stated to the jury, and hence, although the witnesses were experts, it was a matter about which they could not give their opinion, but was a question for the jury to determine. But appellees say that if the admission of the testimony was error, under rule 62a it was harmless. We do not think so. The location of the line by the jury determined the issue of ownership between the litigants. There was much testimony by witnesses who were experienced surveyors for both sides. The jury doubtless know some, if not all, of these witnesses, and had confidence in their ability and truthfulness, and we do not think it can be said that they were not influenced by the opinions given by these surveyors as to the location of the disputed line.

[6] Many other questions are presented, but, as they may not arise upon another trial, they will not be discussed.

For the error above discussed, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellants have filed a motion for a rehearing presenting many assignments of error against our holdings on original hearing. We have carefully considered all of them, and do not believe any error is shown, and hence they are all overruled.

[7] Appellees have also filed motion for rehearing, and insist that we erred in holding that the trial court erred in permitting appellees, over the objections of appellants, to elicit from a number of their witnesses—expert surveyors—their opinions as to where was the true location of the west line of the Uhler survey, the controlling question in the case. We have again carefully considered the matter as presented by appellees, and find no reason to change our opinion on original hearing. However, appellees urgently insist that appellants should not be heard to complain in this particular, because, it is contended, they resorted to the same character of evidence in the trial of the case to support their contention, and are, therefore, estopped from asserting this as error. We do not think the record will support appellees in this contention, but if it could be said to do so, still the evidence referred to by appellees was introduced without objection, and, under the law, appellants are not estopped to urge their assignment, for if improper evidence has been admitted without objection, the other party does not have the right, over objection, to introduce other improper evidence to rebut it. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Massey v. Allen (Tex. Civ. App.) 222 S. W. 682.

The motion is in all things overruled.