**BULLARD v. SHELY et al.  (No. 7463.)**

(Court of Civil Appeals of Texas. San Antonio.  Dec. 23, 1925.  Rehearing Denied Jan. 27, 1926.)

**Appeal and error ⬅️1002—Verdict founded on conflicting evidence will not be disturbed on appeal.**

Verdict, based on conflicting testimony sufficient to sustain it, will not be disturbed on appeal.

Appeal from District Court, Nueces County;  W. B. Hopkins, Judge.

Action by William Shely and another against W. H. Bullard.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

J. C. Scott, of Corpus Christi, for appellant.

Boone & Savage, of Corpus Christi, for appellees.

COBBS, J. Appellees, plaintiffs in the trial court, allege in their petition that they were, on or about July 1, 1923, engaged in procuring purchasers and making sales of land for others; and, on or about that date, defendant W. H. Bullard owned a tract of land in San Patricio county, consisting of 1,503½ acres, and he listed the same with plaintiffs for sale, at the price of $35 per acre, and agreed to pay, if they should obtain a purchaser for the land, 5 per cent. commission on the purchase price of the land, or $2,630.25, and such commission was to be paid at the time of making the sale; and, in pursuance of this agreement, the plaintiffs, on or about September 15, 1923, procured purchasers for the land, to wit, M. C. Driscoll and Phil Welhaussen, of De Witt county, Tex., at the price of $35 per acre, part in cash and part on time, and such purchasers were ready and willing to comply with such purchase, and the sale was thereafter made by defendant, Bullard, to said purchasers, and the deed was thereafter executed and delivered, and the proceeds of sale were accepted by Bullard.

The case was submitted to the jury on one issue, which, with the answer, is as follows:

"Say whether or not it has been shown by the preponderance of the evidence adduced on the trial that William Shely and D. F. Sistrunk, or either of them, caused Philip Welhaussen and M. C. Driscoll to buy from defendant, W. H. Bullard, the tract of land owned by W. H. Bullard, and located in San Patricio county, Tex., and consisting of 1,503½ acres. Answer: 'Yes.'"

Appellant's second assignment of error is as follows:

"The court erred in rendering final judgment in this cause in favor of Wm. Shely and D. F. Sistrunk against defendant, W. H. Bullard, for $2,630.25, together with interest thereon at the rate of 6 per cent. per annum from November 24, 1923, together with all costs of suit; such final judgment of the court, together with the finding of the jury on special issue No. 1, on which the same is based, is contrary to all the evidence adduced on the trial bearing on such issue, as all the evidence adduced on the trial bearing on this issue clearly and conclusively shows that neither William Shely or D. F. Sistrunk, or both of them, plaintiffs, caused Philip Welhaussen and M. C. Driscoll, or either of them, to buy from W. H. Bullard the tract of land located in San Patricio county, belonging to W. H. Bullard and containing 1,503½ acres, but, on the contrary, all the evidence adduced on the trial clearly and conclusively showed that J. D. Hollan, and he alone, caused and induced Philip Welhaussen and M. C. Driscoll to buy said land from defendant W. H. Bullard, and, if it had not been for the efforts of said J. D. Hollan, to effect such sale of said land, same would never have been purchased by said Philip Welhaussen and M. C. Driscoll from defendant, W. H. Bullard, all the evidence adduced on the trial clearly and conclusively showing that it was J. D. Hollan who caused said land to be purchased by Philip Welhaussen and M. C. Driscoll from the defendant, W. H. Bullard; and, in making the affirmative reply to the special issue submitted to the jury by the court, in effect that William Shely and D. F. Sistrunk, or either of them, caused Philip Welhaussen and M. C. Driscoll to buy said land from W. H. Bullard, the jury completely and entirely ignored all the evidence adduced on the trial, and, in making such findings, the jury was actuated by a prejudice against this defendant and a feeling of friendship for the plaintiffs William Shely and D. F. Sistrunk."

This assignment is really a statement of the facts. This case is positively one of fact; the appellees contending and showing by evidence that appellees were the sole procuring cause of bringing about the sale of the land by appellant to Philip Welhaussen and M. C. Driscoll. This was sharply controverted and denied, and much evidence introduced to support the denial, and to show that J. D. Hollan, to whom appellant paid the commission, was the sole procuring cause of the sale.

It would serve no useful purpose to set out the testimony of either side, because the testimony of either party is in direct conflict with that of the other, and a finding of the jury either way would have been upheld, as the jury has exercised its function and discredited the testimony of appellant's witnesses in favor of appellees; and found against the appellant by sufficient testimony, and we will not, under the circumstances, disturb their verdict.

As stated, this is a fact case, with one simple issue involving no question of law to be passed on, and no error is assigned sufficient to cause a reversal.

The judgment of the trial court is affirmed.