**STANTON et ux. v. BOYD.　(No. 3449.)** *

Court of Civil Appeals of Texas. Texarkana. Oct. 26, 1927.)

Rehearing Denied Nov. 3, 1927.

1. **Sales** ⬅52(1)—**Buyers had burden to prove that misrepresentations inducing their purchase of automobile were made by seller's agent.**

In suit to rescind purchase of automobile and recover price because buyers were induced to purchase by false representations made by seller's agent that automobile was constructed in accordance with certain specifications, burden of proving that representations were made by the agent was on plaintiffs.

2. **Trial** ⬅140(1), 143—**Conflict in testimony and credibility of witnesses is for jury.**

In suit to rescind sale of automobile, conflicts in testimony and credibility of witnesses was for jury.

3. **Trial** ⬅219—**Meaning of ordinary words used in conventional sense need not be explained to jury.**

The meaning of ordinary words, when used in their usual or conventional sense, need not be explained to jury.

4. **Appeal and error** ⬅216(1)—**Plaintiffs, not objecting to instructions given nor requesting other instructions, could not complain of court's failure to define words "agent" or "represent."**

In suit to rescind sale of automobile for seller's agent's misrepresentation, plaintiffs could not complain of court's failure to define the words "agent" and "represent," where they made no objection to court's instructions and made no request for other instructions.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Galveston County; C. G. Dibrell, Judge.

Suit by Robert T. Stanton and wife against Sam Boyd. From a judgment for defendant, plaintiffs appeal. Affirmed.

John H. Barbour, of Galveston, for appellants.

Elmo Johnson, of Galveston, for appellee.

WILLSON, C. J. The suit was to rescind a contract covering the purchase of an automobile by appellants of appellee, and to recover back $2,495 which appellants alleged they paid appellee for the automobile. The grounds relied upon for the relief sought were (as alleged) that appellants were induced to purchase the automobile by representations made to them by appellee's selling agent, one Flynn, which they believed to be true but which were in fact false, that the machine was constructed in accordance with specifications set out in an exhibit made a part of appellants' petition. In a special issue submitted to them, the jury found the representations were not made as charged. The court having thereupon rendered judgment denying appellants a recovery of anything against appellee and in favor of the latter for costs, appellants prosecuted this appeal.

Two contentions are presented by appellants in their brief; the first one being that the finding of the jury was against the "overwhelming weight of the evidence," and the other being that the trial court erred when he failed to define the words "agent" and "represent" used by him in submitting the special issue above referred to to the jury.

[1, 2] We have read the testimony in the statement of facts sent to this court, and do not agree that the finding of the jury was unwarranted. The burden of proving by a preponderance of the evidence that the representations were made by appellee's agent as charged was on appellants, and we think the jury had a right to conclude they had not discharged it. The testimony was conflicting. The credibility of the witnesses who gave it was for the jury. Kirby Lumber Co v. Adams (Tex. Civ. App.) 291 S. W. 279; Bullard v. Shely (Tex. Civ. App.) 279 S. W. 605. They were not bound to believe that tending to show that the representations were made and disbelieve that tending to show they were not made. The case cited by appellants (Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788) as supporting their contention was not like this one. There was no conflict in the testimony in that case, and the court properly held that, while the jury were the judges of the credibility of the witnesses and the weight of the evidence, they did not have a right to reject testimony of an unimpeached witness "against whom there was no discrediting fact or circumstance," nor to "deny proper weight to undisputed facts with no suspicion cast upon them."

[3, 4] The other contention is also overruled. "The meaning of ordinary words, when used in their usual or conventional sense, need not be explained to the jury. An intelligent juror understands what they mean, and an attempt to define words of an ordinary accepted meaning tends to mystify rather than enlighten." 38 Cyc. 1686. But, if the rule were otherwise, appellants have no right to complain as they do, for they made no objection to the court's instructions to the jury and no request for other instructions than those given.

The judgment is affirmed.