LORING GOLDTHWAIT *vs.* INHABITANTS OF EAST BRIDGEWATER.

An averment, in a declaration against a town for damages occasioned by a defect in a highway, that there was in the highway " a ditch or uncovered drain running across the same," is supported by testimony that there was a water bar about six inches high across the highway, with a deep rut or " cradle hole " above it.

The refusal of the presiding judge to rule, at the trial of an action against a town for damages occasioned by a defect in a highway, that, in order to maintain the action, the defect must be of such a nature that the town would have been liable to indictment therefor, is not open to exception.

An averment, in a declaration against a town for a defect in a highway, that the plaintiff's horse, by reason of the narrowness of the highway and the want of a sufficient railing, was precipitated off the steep side of the highway into a pond among certain

Goldthwait *v.* Inhabitants of East Bridgewater.

timbers, and the shoulder of the horse was so broken that it became necessary to kill him, is supported by proof that the horse, by the insufficiency and giving way of the rail struck his shoulder against the stone post on which the rail had rested, and so broke his shoulder, before falling into the pond.

ACTION OF TORT.  The declaration averred that the defendants suffered a place in a certain highway in East Bridgewater, just before the junction thereof with the road leading to West Bridgewater, " to be defective and out of repair, in that there was a ditch or uncovered drain, running across the same, near the foot of the hill, with a steep ascent from said drain on the southeasterly side thereof;" and also suffered another part of the highway, where it joins that leading to West Bridgewater, to be defective and out of repair, by being excessively narrow, and having no sufficient railing or barrier on the southeasterly side thereof to protect travellers and their horses and carriages, and prevent them, though using due care, from being precipitated off, and down the steep bank into a mill pond, where there then and long before remained sticking up many large oaken timbers of a former flume and forge; of which defects and want of repair the defendants had reasonable notice; that the plaintiff drove his horse and carriage with due care upon said highway, " and because of the said ditch or drain, the iron connecting the fore wheels to the residue of the carriage was broken, and the horse ran with the fore wheels to the junction; and by reason of the narrowness of said highway, and for want of a sufficient railing, was precipitated off the steep side of said highway into said pond among the said timbers, and the shoulder of the said horse so broken, crushed and mangled that he was worthless, and could not be moved, and it became necessary to kill, and the said horse was then and there accordingly killed; and the plaintiff's harness and carriage were injured."

The answer denied all the defects and want of repair, and averred that the plaintiff's horse was unsafe and unmanageable, and that the plaintiff was not in the exercise of ordinary care at the time of the accident.

Trial in the court of common pleas before *Byington,* J., who signed the following bill of exceptions:

" The evidence tended to show that there was a water bar across the road, about six inches above the general surface of the road, and a deep rut, or ' cradle hole,' as the witnesses called it, above the bar, at the place where the plaintiff's wagon was broken and his horse detached from the wagon. And the defendants asked the judge to rule that the defect must be proved as alleged, or the variance would be fatal; and that it was not so proved. The judge instructed the jury that the plaintiff must prove a defect of the same character as alleged, that he must prove a defect in the surface of the road, an unevenness in it by raising or depressing the surface, or by both ; that if they found the facts to be as the evidence tended to prove, there would be no variance to prevent plaintiff's recovering.

" The defendants also requested the judge to rule, that the defects in the road or barrier must be, one or both, of such a nature that the town might have been indicted for the same. The judge declined so to rule, and instructed the jury that they were not required first to inquire and try the question whether the defendants were liable to an indictment for the defects complained of, and so try this action by that question ; that towns were liable to indictment if they neglected to keep their roads in the condition required by law, and were also liable to individuals for injuries they might sustain to their bodies or property, through defects or want of repair or want of sufficient railing, and the question for them to try was whether there were such defects, and if so, whether the plaintiff had sustained injury from such cause.

" The evidence of the plaintiff tended to show that his horse, after being detached from the wagon, became much frightened ; that he ran, and came to a place in the road, where on the southeasterly side was a high bank, along which was a rail, about two and a half feet above the surface of the road, each end resting on a large stone post, one end of which rail was fastened to the stone post, the other end not fastened ;. that the horse first came in contact with the rail near the end that was fastened and passed along to the other end of the rail not fastened, his side pressing against the rail, pressed the rail out-

ward, off the stone post, and the end of the rail not fastened fell down the bank, and when the horse arrived at the stone post on which the rail had rested, he struck his left shoulder against said post, and fell down into the water among the timbers, and the shoulder was found to be broken, when the horse was taken out of the water; and the defendants asked the judge to rule, that if the jury were satisfied that the shoulder was broken by striking against the stone, there was a fatal variance. The judge declined so to rule.

" To the foregoing rulings and instructions the defendants except."

*B. W. Harris*, ( *W. Young* with him,) for the defendants.

*E. Ames*, for the plaintiff.

METCALF, J. Neither of the three exceptions taken by the defendants can avail them. 1. The words "ditch" and "drain" have no technical or exact meaning. They both may mean a hollow space in the ground, natural or artificial, where water is collected or passes off. And in this sense of the words, the defective place in the road, as described by the witnesses, might, not unaptly, be termed a ditch or drain.

2. The question at the trial was, not whether an indictment could be maintained against the defendants for the alleged defect in their road, but whether they were legally answerable to the plaintiff for the injury which he received by reason of that defect. The judge therefore was not bound to instruct the jury as to the liability of the defendants to an indictment.

3. The plaintiff's declaration does not allege, with any particularity, how or where the shoulder of the horse was broken. Of course, there was no variance between the allegation and the proof on that part of the case. *Exceptions overruled.*