DAVID GRIFFIN ET AL. v. H. M. BARBEE.

Decided May 15, 1902.

**1.—Boundaries—Meanders of Creek—Course and Distance.**

   Where the field notes of a deed called for one line of the track conveyed to run with the meanders of a certain creek, but also gave calls for course and distance of that line which did not correspond with the meanders, it is held, under the evidence adduced, that the meanders of the creek constituted the line, and the calls for course and distance should be disregarded.

**2.—Same—Evidence—Opinion.**

   Where the deed calls for the meanders of the creek as the line, and the surveyor who originally ran the line and wrote the deed testified that the creek was the line, it was error to admit the testimony of other surveyors, giving as their opinion that the line should be run out by the other calls for its course and distance, rather than by following the creek.

**3.—Evidence—Jury Recalling Witness.**

   Where the jury disagree as to what a witness has testified, the proper practice under the statute is to recall the witness and have him repeat, under the directions of the court and in the presence of the jury, what his testimony was as to the particular point under disagreement and no other, and it is error to allow the jurors to then interrogate him at length. Rev. Stats., art. 1309.

**4.—Res Adjudicata—Boundaries—No Identity of Issues Shown.**

   A judgment in a former suit establishing the meanders of a creek as the line of the land here as also there in controversy, is not res adjudicata as to the location of such line where, in the former action, the party so claiming the creek as the line also claimed by limitation, and it does not appear on which ground the jury found in his favor.

Appeal from Houston. Tried below before Hon. John Young Gooch.

*Nunn & Nunn,* for appellants.

*Moore & Newman, H. W. Moore,* and *G. H. Gould,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellant David Griffin against the appellee H. M. Barbee for the recovery of a tract of 13 acres of land, a part of the James Nevill league in Houston County. The controversy is one of boundary between adjoining tracts, one on the southeast belonging to Griffin and another on the northwest belonging to H. M. Barbee. D. A. Nunn intervened in the suit as the vendor of Griffin. The tract owned by the appellee was conveyed by David Becton and wife to R. W. Gayle as 200 acres by metes and bounds set out in the deed as follows: "Beginning on the southeast boundary of a tract of land sold by James Neville to G. W. Southwick, and on the east side of Tantabogue creek, whence an ash brs. N. 17 deg. E. 3 vrs. and an ash brs. N. 24 deg. E. 3 vrs. Thence down said creek with its meanders as follows: East 200 vrs., south 45 deg. E. 590 vrs. east 620 vrs., corner at junction of branch, whence a lyn brs. N. 86 deg. E. 3 vrs. distant, and an elm brs. N. 10 deg. E. 7 vrs. distant. Thence up said branch with its meanders as follows: North 130 vrs. N. 45 deg. W. 150 vrs. north 360 vrs. a lyn brs. N. 70 deg. W. 2 vrs. Thence N. 45 deg. E. 561 vrs. corner, whence a postoak brs. N. 65 deg. E. 6 vrs. and a postoak brs. N. 47 W. 6 vrs. Thence N. 45 deg. W. 672 vrs. corner on the southeast boundary of the Southwick survey, whence a postoak brs. N. 84 W. 5 vrs. and a postoak brs. N. 34 deg. E. 6 vrs. distant." A call S. 45 deg. W. 1517 from the east corner is omitted from the description contained in the deed. It takes this call to close the survey.

The tract claimed by the appellant Griffin is a part of 40 acres conveyed to him by D. A. Nunn, the 40 acres being described as follows: "Beginning at the northwest corner of the Becton old homestead 200 acre tract on branch, a pinoak 16 in. marked cross brs. S. 60 deg. E. 6 1-2 vrs. Thence S. 80 deg. E. with the Becton homestead 660 vrs. to the corner, a postoak 16 in. marked cross brs. S. 87 E. 8 vrs. Thence N. 45 deg. E. 216 vrs. corner, hickory 14 in. marked cross brs. N. 50 deg. W. 6½ vrs. Thence N. 45 deg. W. 553 vrs. to corner a postoak 6 in. marked cross brs. N. 7 deg. W. 2 vrs. Ditto 6 in. marked cross brs. N. 18 deg. E. 2 vrs. distant. Thence S. 45 deg. W. at 235 vrs. the southeast corner of the R. W. Gayle 200 acre survey at 605 vrs. stake on road. Thence S. 45 deg. E. 42 vrs. to the place of beginning, containing 40 acres of land more or less."

The contention of the appellants is that the branch which is known as Gayle or Becton branch is the division line between the two tracts for the entire distance that they adjoin each other, while the appellee contends that the line must follow course and distance and that following them the southwest corner of the Griffin tract would be 100 varas south of the branch and that the line would run from that

point so as to throw the 13 acres in controversy south of the branch into the appellee's tract. In construing the field notes the court correctly instructed the jury that the meandering of the branch must be taken as the boundary to the end of the call "North 360 varas, a lyn brs. N. 70 deg. W. 2 vrs." But it is very clear from the evidence that the jury disregarded this instruction in finding for the appellee the entire 13 acres in controversy. A tall marked stump of the lyn tree was found and identified, and a line run from that point the course and distance called for in the field notes, disregarding the postoak bearing trees, would leave to the appellant's side of the line a strip of land 100 varas wide for its entire distance.

This much of the finding of the jury is without evidence to support it. There was also much evidence tending to show that the branch was the line for the entire distance as contended for by the appellants, including the testimony of the surveyor, Enoch Broxson, who ran it originally when Becton and wife sold the tract to Gayle and wrote the deed for the parties, and the calls themselves certainly made the branch the line to the end of the call for "North 360 varas," and such being the case, it was error to receive the evidence of the surveyors Stokes and Duren, giving their opinions how the line should be run, in effect, that they would run it out by course and distance rather than follow the branch. As a natural object the branch controlled course and distance, and in marking the line the footsteps of the surveyor were to be followed rather than mistaken calls for course and distance.

The witnesses Stokes and Duren should not have been permitted to go over their evidence and testify again when recalled at the request of the jury after the case had been submitted as shown by the bill of exceptions. When any of the jury disagree about what a witness has testified upon any matter in issue, the proper practice is to recall the witness and to have him repeat under the direction of the court in the presence of the jury what his testimony was as to the particular point of disagreement and no other. Rev. Stats., art. 1309. As shown by the bill of exceptions the jurors were allowed to interrogate the witnesses at length, and it is not difficult to understand how these witnesses who had been allowed to give their opinions how they would run the line should again impress this matter upon the jury.

We are of the opinion that the former suit of Jones v. Barbee, in which Nunn was an intervener and in which Jones recovered judgment against Barbee adjudging the branch to be the line between his tract which lies south of the Griffin tract and the Barbee tract, was not shown to be res adjudicata of the issue in this suit, because it was not shown that there was an identity of issues even if the identity of parties should be deemed sufficient. The Jones tract lay south of and adjoining that of Griffin, and both tracts had formed one body of land belonging to Nunn, who had conveyed them to Jones and Griffin, and it was claimed in both suits that the branch was the line. It was so adjudicated in the Jones case, but in that case Jones not only claimed

that the branch was the original line, but that he held title to the branch by limitation. The jury found that the branch was the line, but whether because they believed it to have been the line as originally run or because Jones had had possession of the land for a sufficient length of time to confer title by limitation does not appear, and the identity of issues in the two cases is thus wanting and the contention of res adjudicata defeated. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Gill, Associate Justice, did not sit in this case.