## John W. Wylie et al. v. J. H. Langhorne et al.

### Decided March 25, 1907.

**1.—Judgment—Res Adjudicata.**

    Where in a suit for partition the judgment expressly states that a money demand by the plaintiffs against one of the defendants was not adjudicated because not involved in the pleadings such judgment can not be plead in bar of a subsequent suit upon said money demand.

**2.—Partners—Limitation.**

In the matter of a claim arising between partners the four years' statute of limitation applies.

**3.—Pleading—Issue—Res Adjudicata.**

An issue not in fact made by the pleadings in a cause does not become res adjudicata by the judgment simply because it might have been plead and adjudicated.

Appeal from the County Court of Rusk County. Tried below before Hon. W. C. Strong, Special Judge.

*J. T. Turner* and *John R. Arnold,* for appellants.—The trial court erred in holding the judgment and partition suit in the District Court of Rusk County precluded plaintiffs from recovering the demands against J. H. Langhorne in this suit. Moore v. Snowball, 81 S. W. Rep., 7-10.

The trial court erred in holding that plaintiffs were barred from recovery herein by the two years statute of limitation. Rev. Stats., art. 3356.

*Buford & Buford,* for appellee.

GILL, CHIEF JUSTICE.—This suit was filed February 23, 1904, by certain heirs of W. E. Wylie to recover of J. H. Langhorne a money demand of $551.24 and in the event the claim should be held to be barred as against Langhorne, judgment for the amount of the claim was asked against L. T. Standard upon grounds which will be disclosed later on in this opinion. Langhorne answered by general denial and pleas of *res adjudicata* and limitation. Standard denied any liability. A trial without a jury resulted in a judgment for defendants and plaintiffs have appealed.

The facts briefly stated are as follows: In 1898 W. E. Wylie and J. H. Langhorne established a mercantile business at Henderson, Texas, the latter being the active and managing partner, but having an interest only in the profits of the business. On November 19, 1900, Wylie died intestate and Langhorne as surviving partner conducted the business until December, 1900, when it was closed out at a loss. At the time it was closed out Langhorne owed the business on his private account $233.79, and thereafter collected on claims due the business $317.45. Wylie had married twice and his second wife, S. M. Wylie, survived him. Ten children also survived him, among them one lunatic, one married woman and five minors. Some of the children were of the first and some of the second marriage. There was no administration, but a controversy having arisen as to the ownership of his estate as between the two sets of claimants his property was placed in the hands of L. T. Standard as receiver with instructions to speedily collect all claims due the estate. This receivership pended until the close of a suit for partition in which judgment was rendered in 1904. This is the judgment upon which Langhorne bases his plea of *res adjudicata.* The suit in which that judgment was rendered was a suit for partition of the property of the W. E. Wylie estate between his surviving wife and her children and the children of the first marriage. It involved not only

the inquiry whether any part of the estate was either the community or separate property of the first wife, but necessitated the ascertainment of the interests of the various claimants. At the suit of some of the claimants Langhorne was made a party defendant on allegations that he was claiming some part of the estate. He was alleged to be in possession of certain securities belonging to the estate. Langhorne replied setting up the collection of $317.45, but claiming $466 as his interest in the mercantile business. This allegation was traversed and it was found upon the trial that he had no interest in the partnership funds. The judgment among other things expressly stated that the claim of $317.45 against Langhorne was not adjudicated. This upon Langhorne's written objection to the report of the commissioners of partition to the effect that the claim could not be adjudicated because not involved in any pleading in the cause. In all other respects the report of the commissioners was approved, which included the clause in the report setting aside to the five plaintiffs in this suit the rest and residue of the estate left after the disposition of the designated portions mentioned in the previous part of the report. Standard's liability was predicated upon allegations that he as receiver had allowed the claims to become void.

According to the statement in appellants' brief the trial court sustained the plea of *res adjudicata,* limitations, and the contention that the plaintiffs had no title to the debts sued for because not set aside to them by the judgment of partition. Thus the question of Standard's liability was not reached.

Appellants assail the action of the trial court upon each of the points stated.

We are of opinion the judgment of partition to which Langhorne was a party did not adjudicate the issues upon which this suit is based. In that cause the issue between Langhorne and the claimants was whether he had an interest in the partnership funds. That depended upon whether the concern had earned any profits and the jury in that cause distinctly found that none had been earned, but that the business had been conducted at a loss. In the presence of this finding it is manifestly unsound to contend that the jury undertook to adjust the account due the firm by Langhorne and the matter of the sum collected after Wylie's death. The judgment of the District Court neither established nor disallowed the claims in question, but left them open to be determined in a suit brought for the purpose and that is the purpose of this suit.

Appellees' contention that these issues might have been properly adjudicated in that suit and therefore the judgment is an estoppel as to those issues presents a question no longer open since the decision in Moore v. Snowball, 81 S. W. Rep., 5. The issues in question were not in fact made by the pleading in that cause and, as has been seen above, were not necessarily involved in the issues therein determined.

We sustain also the assignment addressed to the second conclusion of the court. It is clear to our minds that the commissioners' report and the judgment that followed adjudged the entire residue of the estate to the five plaintiffs.

We also hold that the facts do not show that either of the claims are barred by limitation. It being a claim arising between partners the four years statute applies. (Rev. Stats., art. 3356.)

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*