### LANE et ux. v. KUEHN.

(Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1911. On Motion for Rehearing, Dec. 7, 1911.)

1. JUDGMENT (§ 715*)—RES JUDICATA.

A judgment for plaintiff in a suit to try title, in which plaintiff claimed under a deed of gift from her husband and defendant claimed under a judgment and execution against the husband, which judgment was based upon the ground that defendant's judgment against the

husband was void and did not determine the validity of the husband's deed to plaintiff, was not res judicata of a subsequent action by the defendant as a creditor of the husband attacking the deed of gift to plaintiff as in fraud of creditors; the validity of the husband's deed to plaintiff not being in issue in the former action.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 715.*]

**2. FRAUDULENT CONVEYANCES (§ 208*)—WANT OF CONSIDERATION.**

To enable third persons to attack a deed of gift from husband to wife on the ground that it was without consideration, they must have been creditors of the husband when the deed was executed; Sayles' Ann. Civ. St. 1897, art. 2545, making every gift by a debtor not upon a valuable consideration void as to prior creditors, unless the debtor was then possessed of property subject to execution sufficient to pay existing debts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. § 208.*]

On Motion for Rehearing.

**3. JUDGMENT (§ 540*)—RES JUDICATA.**

A matter is not res judicata unless four conditions exist, namely, identity in the thing sued for in the two actions; in the causes of action; identity of parties to the cause of action; and identity of the quality of the persons for or against whom the actions are brought.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 540.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by Charles Kuehn against Joe Lane and wife and another. From a judgment for plaintiff foreclosing a judgment lien, defendants Lane appeal. Affirmed.

Allen & Allen, for appellants. Taylor, Jones & Humphrey, for appellee.

WILLSON, C. J. Lot 18, block 2, in Oil City, Clay county, belonged to the community estate between Frank Kuehn and Pearl Kuehn, his wife. Frank Kuehn was insolvent, and among the debts he was unable to pay was one due to appellee. Under these circumstances, Frank Kuehn gave to his wife and by a deed conveyed to her the lot mentioned. Afterwards appellee brought suit on the debt referred to, and recovered a judgment against Frank Kuehn. By virtue of an execution issued on this judgment the lot was sold, and appellee and P. L. Kuehn were the purchasers at the execution sale. Afterwards Pearl Kuehn, then Pearl Lane, she having been divorced from her former husband, Frank Kuehn, and having married appellant Joe Lane, brought a suit against Frank Kuehn, appellee, and P. L. Kuehn to try the title to the lot. Her petition was in the form ordinarily used in an action of trespass to try title. Frank Kuehn answered her suit disclaiming title. Appellee and P. L. Kuehn answered it by a plea of not guilty. On the trial Mrs. Lane for title relied on the deed of gift to her from her former husband. Appellee and P. L. Kuehn offered evidence showing the deed of gift to be fraudulent and void as to Charles Kuehn, the plaintiff in the judgment under which they claimed, and relied upon that judgment and their deed from the sheriff as proof of title in them. The court held the judgment to be void, "because it did not properly dispose of the parties" to the suit in which it was rendered, and thereupon rendered a judgment in favor of appellant Pearl Lane. "Said judgment," it is recited in the statement of facts, "did not save or except from its adjudication any of the issues made in said cause, but declared in general terms that the said plaintiff (Pearl Lane) recover of and from said defendants the title and possession" of the lot. Afterwards appellee recovered a valid judgment against Frank Kuehn on said debt, and had an abstract thereof registered as provided by law so as to create a valid lien on all real estate owned by said Frank Kuehn in Clay county. Claiming that the deed of gift from Frank Kuehn to his wife was void as to him, and therefore that the lien of his judgment attached to the lot as property belonging to Frank Kuehn, Charles Kuehn by a suit against Frank Kuehn, Pearl Lane and her then husband, Joe Lane, sought a foreclosure of the lien he asserted. Frank Kuehn, it seems, did not answer the petition in this suit. Pearl Lane and her husband answered by a general denial, and set up the judgment rendered in favor of Pearl Lane in her suit against Frank Kuehn, appellee, and P. L. Kuehn as a bar to the relief appellee sought. This appeal is from a judgment in favor of appellee foreclosing the lien he claimed as prayed for and directing a sale of the lot in satisfaction of his judgment against Frank Kuehn.

[1] The only question presented by the assignments is one as to the effect of the judgment rendered in favor of Pearl Lane in her suit against Frank Kuehn, appellee, and P. L. Kuehn. Appellants insist that the effect of that judgment was to conclusively establish as between the parties to it that the title to the lot was in Pearl Lane, and to preclude appellee from claiming a right to foreclose a lien against it as the property of Frank Kuehn. We do not think that judgment had that effect. The ultimate issue in that suit was one of title only. Pearl Lane claimed the title by virtue of the deed of gift from her husband. Appellee and P. L. Kuehn claimed it by virtue of the judgment and execution against Frank Kuehn and the sheriff's deed conveying his title to them. A question as to the validity of the deed of gift to Pearl Lane was not litigated and determined in that suit. The judgment in favor of Pearl Lane was not based on a finding that the deed of gift to her as against Charles Kuehn and P. L. Kuehn was valid. The necessity for the determination of such

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

a question did not arise, and it was not determined, because the court found that the judgment Charles Kuehn and P. L. Kuehn relied upon was void. That finding necessarily led to a judgment in favor of Pearl Lane, without reference to the validity of her deed; for the right of Charles Kuehn and P. L. Kuehn to make a question as to its validity depended upon the validity of the judgment they claimed under. In that suit they were not asserting a right as creditors of Frank Kuehn at the time he made the deed of gift, and if the judgment they relied upon was void they did not stand in the place of, and had not acquired the rights of, such a creditor, as purchasers at his execution sale. [2] To be entitled to question the validity of the deed on the ground that it was without consideration, they must have been in the attitude in that suit of such a creditor, for the deed of gift could be attacked as invalid on the ground stated only by such a creditor. Sayles' Stat. 1897, art. 2545. In the suit resulting in the judgment appealed from, appellee was asserting as against the validity of the deed a right as a creditor of Frank Kuehn at the time the deed was made. That he was such a creditor, that the deed to Pearl Lane from Frank Kuehn was without consideration, and that Frank Kuehn at the time he made it was insolvent, were conclusively shown. We think it clear that the judgment in favor of Pearl Lane in the former suit did not preclude him from obtaining the relief granted him by the judgment, and therefore it will be affirmed. Moore v. Snowball, 98 Tex. 20, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Wylie v. Langhorne, 45 Tex. Civ. App. 618, 101 S. W. 527; Manning v. Green, 121 S. W. 723.

## On Motion for Rehearing.

[3] Because, in the suit of Mrs. Lane against appellee and others, an issue as to the validity of the conveyance to her from her husband was made by the pleading and the proof, we do not think it necessarily follows, as appellants insist it does, that the effect of the judgment in her favor in that suit was to estop appellee from litigating that question in this suit. The rule seems to be that a matter is not to be regarded as res adjudicata unless there is a concurrence of four conditions: First, identity in the thing sued for; second, identity of the cause of action; third, identity of persons and of parties to the cause of action; fourth, identity of the quality of the persons for or against whom the claim is made. Jackson v. Cable, 27 S. W. 203; Philipowski v. Spencer, 63 Tex. 607; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 197. The rule invoked by appellants that a judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties and those in privity with them, upon every question of fact in issue, or which might in the suit resulting in the

judgment have been litigated between them, would apply if, in addition to the other requisites, it appeared that appellee's cause of action in this suit was identical with the defense he interposed to a recovery by Mrs. Lane in her suit. But it did not so appear. On the contrary, it appeared that in that suit appellee defended on the ground that he had title to the land, while in this suit he sought to foreclose a lien he claimed to have acquired on the land after the adjudication in favor of Mrs. Lane in her suit. As stated by the Supreme Court of the United States in a case cited above (Cromwell v. Sac County), "there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action." Discussing the difference it referred to, that court said: "In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated or determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." Applying the rule stated to the record before us, it is clear that the appeal has been properly disposed of. It not only was not shown, as it must have been to sustain appellants' contention (24 A. & E. Enc. Law [2d Ed.] pp. 773–775, and notes; West v. Cole, 50 S. W. 151; James v. James, 81 Tex. 380, 16 S. W. 1087; Rackley v. Fowlkes, 89 Tex. 616, 36 S. W. 77; Griffin v. Barbee, 29 Tex. Civ. App. 325, 68 S. W. 698; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 360; Land Mort. Co. v. Macdonell, 93 Tex. 398, 55 S. W. 739; Philipowski v. Spencer, 63 Tex. 607), that a question as to the validity of the conveyance to Mrs. Lane was determined in her suit against appellee and others, but it affirmatively appeared that the judgment in her favor was based alone upon the finding by the court that the judgment appellee relied on for title was invalid.

The motion is overruled.