JEFFERSON DAVIS COUNTY *v.* RILEY *et al.*

(Division A. ———. On Suggestion of Error, ———.)

[129 So. 324. No. 28458.]

Oct. 13, 1930.)

[130 So. 284.

See, also, 129 So. 324.

**C. E. Thompson**, of Prentiss, and **Hall & Hall**, of Colum-
bia, for appellant.

476

Forrest B. Jackson, Assistant Attorney-General, for the state.

**W. D. Hilton,** of Mendenhall, for appellee.

**E. B. Patterson,** of Monticello, and **Hilton & Hilton,** of Mendenhall, for appellee.

478

ON SUGGESTION OF ERROR.

**Smith, C. J.,** delivered the opinion of the court, on Suggestion of Error.

The appellant sued the appellee in Jefferson Davis county for damages sustained by it because of the alleged burning by the appellees of a bridge which spanned a stream crossing one of the public roads of the county. The damages sought to be recovered are the value of the bridge and the statutory penalty provided by section 4988, Code of 1906, Hemingway's 1927 Code, section 3452. The road intersects a tract of land owned by Riley which was situated in both Lawrence and Jefferson Davis counties. The appellees all live in Lawrence county. The fire was set out by one of the appellees, for whose conduct Riley and the other appellee are alleged to be responsible, in dry grass on Riley's land near the bridge, and is alleged to have been wantonly, negligently, and carelessly allowed to be communicated to the bridge. It does not appear in which of the counties the fire was set out.

On motion by the appellees, the case was transferred to the circuit court of Lawrence county over the objection of the appellant, where it was tried, and judgment

was rendered for the appellees. The claim of the appel-lees for a change of venue is based on the provision of section 1, chapter 155, Laws of 1926, Hemingway's 1927 Code, section 500, that, "if a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, . . . the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence."

This statute also provides that "Actions of trespass on land . . . shall be brought in the county where the land or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them, the action shall be brought in the county of his residence."

On a former day this court held that the road constitutes a separate tract of land, that the burning of the bridge in the manner alleged was a trespass thereon, and that, under the statute hereinbefore referred to, the venue of the action was in Jefferson Davis county, and should not have been changed to Lawrence county, and reversed the judgment of the court below.

Afterwards a suggestion of error was filed by the appellees.

On the former hearing, the case of Archibald v. Miss., etc., T. R. Co., 66 Miss. 424, 6 So. 238, 239, was not called to our attention.

After the coming in of the suggestion of error, the case came under our observation, and, on a request therefor by the court, counsel have submitted briefs discussing the applicability, vel non, of the case here.

"The term 'trespass' in its broadest sense means any misfeasance, transgression, or offense which damages another's person, health, reputation or property, and as used in some statutes is equivalent to 'tort.'" 38 Cyc. 994. This was the construction given the statute on the former hearing. The term "trespass," however, is frequently "used in a more limited sense . . . as desig-

nating an injury to the person, property or rights of another, which is the immediate result of some wrongful act committed with force, either actual or implied.'' 38 Cyc. 994.

In the Archibald case the court adopted this more limited definition of the word ''trespass,'' and held that ''the action of trespass on land, to become local under the statute, must contain the elements of force and entry necessary to constitute the common-law action of trespass quare clausum fregit.'' The statement of the court there that the action ''is not to recover on account of an invasion of the possession of appellants, or for trespass committed on the land,'' states the exact situation here, if we substitute the word ''appellee'' for the word ''appellant.''

But it is said, in substance, by counsel for the appellant that that case is not controlling here when an amendment made to the statute after that case was decided, and which first appeared as chapter 166, Laws of 1908, and section 4988, Code of 1906, Hemingway's 1927 Code, section 3452, are taken into consideration. By the first of these statutes the venue statute, which now appears as chapter 155, Laws of 1926, Hemingway's 1927 Code, section 500, was amended by the insertion after the words, ''actions of trespass on land,'' the words, ''and actions for the statutory penalty for cutting and boxing trees and firing woods.''

The second of these statutes is as follows:

''3452. *By Firing Woods.*—If any person shall set on fire any lands of another, or shall wantonly, negligently, or carelessly allow any fire to get into the lands of another, he shall be liable to the person injured thereby, not only for the injury to or destruction of buildings, fences, and the like, but for the burning and injury of trees, timber, and grass, and damage to the range as well; and shall moreover be liable to a penalty of one hundred and fifty dollars in favor of the owner.''

The amendment to the venue statute, hereinbefore set forth, deals only, on the face thereof, with the statutory penalties allowed for the removal of, or injury to, trees. But it is said by counsel for the appellant that, by the use of the words "firing woods," the legislature meant to make the statutory penalty for all acts referred to in section 4988, Code of 1906, Hemingway's 1927 Code, section 3452, local and not transitory. Had the legislature so intended, it could, as it ordinarily does, have unmistakably evidenced that intent by referring to the statute by its section number, and not by the unusual, and so far as we are aware, never before adopted, method of merely referring to it by its black letter heading, which headings to statutes are at times appended to a statute by the legislature itself, and at others by the person or commission charged with the duty of publishing it.

Another of the contentions of counsel for the appellant, as we understand their brief, is that, because the chapters of the Codes in which section 4988, Code of 1906, Hemingway's 1927 Code, section 3452, appear, are headed or entitled "Trespasses," the legislature thereby intended to designate the wanton, negligent, and careless allowing fires to get into the land of another as a trespass, within the meaning of that word, as used in chapter 155, Laws of 1926, Hemingway's 1927 Code, section 500.

The original of section 4988, Code of 1906, Hemingway's 1927 Code, section 3452, was in force when the Archibald case was decided, it then appearing in the Code of 1880 as section 2816 of the chapter on "Crimes and Misdemeanors," but was transferred in the Code of 1892 to chapter 138 thereof, headed "Trespasses," as section 4423 thereof. The section confers no new right or remedy for the wrongs therein enumerated, except the right to a fixed penalty or value for the injuries resulting therefrom to be recovered in addition to actual damages. The main purpose of the section, as of the other sections in the chapter, is to provide a penalty for the commission

of the wrongs therein enumerated. It cannot, therefore, be held to have intended to broaden the meaning of the word "trespass" in the venue statute.

From this it follows that this suit should have been brought in the county of the residence of the appellees, and therefore no error was committed in transferring it to that county.

The suggestion of error will be sustained, the judgment hereinbefore rendered, reversing the judgment of the court below, will be set aside, the former opinion will be withdrawn, and the case will be remanded to the docket for hearing before Division A on the first call of the docket by it in September next.

The reason for remanding the case to the docket is that it appears from the record that jurisdiction over the road, of which the burned bridge is a part, was transferred by the board of supervisors of Jefferson Davis county to, and was accepted by, the state highway department, which department, according to the contention of counsel for the appellees, is charged with the duty of replacing the bridge, and therefore that the right of action here is not in the county, but in the state highway department. The question thus presented is of such importance to the state highway department and the public generally that the court is of the opinion that the state highway department should be heard thereon, if it so desires, before the question is decided. Leave to file such a brief is hereby given, this brief and the replies thereto to be filed in accordance with the rules of the court. So ordered.

### On the Merits.

**Smith, C. J.,** delivered the opinion of the court, on the merits.

This suit was begun in Jefferson Davis county, but was transferred on motion of appellees to Lawrence county.

The suit is by Jefferson Davis county for damages sustained by it because of the alleged burning by the appellees of a bridge which spanned a natural running stream crossing one of the public roads of the county. At the close of the evidence the court below declined to direct a verdict for the appellees, but submitted the case to a jury which rendered a verdict for the appellees.

Quite a number of errors are assigned by the appellant, but it will not be necessary for us to notice any of them, for the reason that we have arrived at the conclusion that the appellees were entitled to a directed verdict. The road had been taken over by the state highway department under chapter 278, Laws 1924, Hemingway's Code 1927, section 5630, which provides that the roads taken over by the state highway department "shall be maintained by the state highway department, and no county shall be required to pay from their (its) own county funds or road funds any part of the cost of the maintenance of any road within such county, which may be taken over by the state highway commission for maintenance, and the said state highway department is hereby vested with full authority and jurisdiction over the same, so far as their maintenance is concerned."

The appellant's contention in this connection, in which a brief filed by counsel for the state highway department concurs, is that the bridge in question had not been accepted by the state highway department. The section of the statute hereinbefore referred to also provides that: "The said highway department may accept and assume jurisdiction over the said road before it agrees to maintain or accept the bridges and may, at a later date, accept the bridges, when they are constructed according to the standard required by the state highway department and maintain the same from that date. The bridges and the roads may be considered separately by the [state] highway department in assuming responsibility of the maintenance of same."

The statute further provides that: "All such highways shall be accepted by the state highway department in writing and such writing spread upon the minutes of the board of supervisors of said county, and an order entered by said board authorizing the state highway department to have supervision over and control of the maintenance of such road or highway."

The acceptance by the state highway department of the road, as appears from the minutes of the board of supervisors, is in the following language: "Under the provisions of Senate Bill No. 82, of the Mississippi Legislature of 1924, this department hereby offers to take over as up to standard requirements, and for maintenance, the road from the north city limits of Prentiss to the Lawrence county line near New Hebron, with the following exceptions: All drainage structures not built according to the standard plans and specifications of the Mississippi State Highway Department. With the additional understanding that this road is to be maintained by this department as the kind of road and in condition that it is turned over to us; and, in event that improvements or betterments are required, that the county will construct such improvements or betterments."

Parol testimony was admitted, over the appellant's protest, to the effect that the bridge here in question was not intended to be included in the acceptance of the road by the state highway department.

Two questions are presented for decision in this connection: First, is a bridge forming a part of a highway, and which spans a natural stream crossing the highway a "drainage structure?" Second, if it is, then is the exception "all drainage structures not built according to the standard plans and specifications of the Mississippi State Highway Department" a sufficient compliance with the requirement of the statute that the acceptance of a public highway by the highway department shall be in writing? Or, stated differently, is parol evidence admissible on the question of whether or not the bridge

had been "built according to the plans and specifications of the Mississippi State Highway Department?"

The statute permits the state highway department to except from its acceptance of a highway all bridges thereon that are not up to the required standard, but contains no provision specifically permitting the exception of "drainage structures," which, of course, is a much more comprehensive term than the word "bridges."

It will not be necessary for us to decide whether drainage structures can be excepted from the acceptance of a highway by the state highway department, for we have arrived at the conclusion that the bridge here in question is not such a structure.

"The term 'drain' has no technical or exact meaning, but as generally understood denotes any artificial channel or trench through which water or sewage is caused to flow from one point to another." 19 C. J. 604. A natural watercourse is a drain also, but is necessarily excluded here for the reason that the acceptance is not of drains but of drainage structures. A structure is something constructed or built, and a drainage structure, therefore, ex vi termini, is an artificial channel or trench which has been constructed for drainage purposes. A bridge is a structure erected over an obstruction in a highway so as to make a continuous roadway; it may be a necessary part of a drainage structure, but no drainage structure was here constructed. The bridge was erected, not for drainage purposes, but to afford travelers passageway from one bank of the watercourse to the other, and therefore is not within the excepted structures.

The first of the questions must be answered in the negative, and therefore it will not be necessary for us to discuss the second.

The bridge having been taken over by the state through its highway department, it, and not the county, is charged with the duty of maintaining it, and therefore the state and not the county was damaged by its destruction.

Affirmed.