DAVID SHOLTZ, as Governor, for the use and benefit of Stranahan Harris and Company, a corporation, v. BOARD OF PUBLIC INSTRUCTION FOR MARTIN COUNTY, FLORIDA, a corporation; AMERICAN SURETY COMPANY OF NEW YORK, a corporation; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, COLUMBIA CASUALTY COMPANY, a corporation.

174 So. 226.

Division A.

Opinion Filed May 1, 1937.

*Carroll Dunscombe,* for Appellant;

*Patterson Blackwell & Knight, Stuart MacKenzie, Gedney, Johnston & Lilienthal* and *Smith & Kanner,* for Appellees.

BUFORD, J.—In this case the appellant was plaintiff in the court below and filed a suit to require the Board of Public Instruction of Martin County, Florida, to account to the complainant for every sum and sums of money received by it, or by any person for it for its use, in respect to the tax collections for the taxes levied for school purposes in the year 1929 and also the revenue received for the gasoline tax and all other revenue and to show how the same was applied or disposed of, and to require:

"(b) That the court determine the amount of funds found upon an accounting to have been wrongfully disbursed or not properly applied towards the payment of notes in suit.

"(c) Upon such accounting that the court order the said defendant, Board of Public Instruction of Martin County to restore any amounts found to have been collected and improperly applied or wrongfully disbursed and to then replace such funds and pay over such sums of money to the plaintiff, holders of the notes in this suit, and in the event of the inability of the said defendant, Board of Public Instruction of Martin County to restore all or part of such sums of money found to be improperly applied or wrongfully disbursed, then these sums still found to be due the holders of the notes in suit, be required to be paid to such note holders by the defendant sureties herein up to the amount they may respectively be liable for.

"(d) That upon payment to plaintiff or other present

holders of said notes who may intervene in this suit and who were such note holders on July 1st, 1930, by any of the defendant sureties herein of the sums found to be due on their writing obligatory, that said sureties be entitled to receive from such plaintiff, their notes with interest thereon at 6% from Jan. 1, 1931, and then and there be subrogated to the rights of the plaintiffs so satisfied.

"(e)   That on final hearing if the court find that there not be sufficient funds available to pay the plaintiff or such other present holders of said notes as who may hereinafter intervene, the sums found to be due and payable to such note holders, either from the funds of the defendant Board of Public Instruction and/or from the amounts found to be due from the sureties herein on their writing obligatory, that the court by its decree require the defendant, Board of Public Instruction, to make provision for the payment of the notes in suit by a sufficient tax levy upon all the taxable property in Martin County, prorating such tax levy over such period of time as the court may consider equitable."

American Surety Company and other surety companies were made defendants upon the theory that the surety companies had guaranteed the faithful performance of official duties by the Superintendent of Public Instruction and certain members of the Board of Public Instruction of Martin County, Florida.

The complainant alleged that it was the holder and owner of certain notes issued by the Board of Public Instruction of Martin County, Florida, on July 1, 1929, under a resolution copy of which is attached to and made a part of the Bill of Complaint, which resolution was as follows:

"*Whereas*, This Board of Public Instruction did on or before the last Monday in June, 1929, to-wit: on the 6th

146

day of June, 1929, prepare an itemized estimate showing the amount of money required for the maintenance of the necessary common schools of the county for the next ensuing scholastic year as required by Subsection 13 of Section 454 of the Revised General Statutes of Florida of 1920, and did as required by said section state the amount in mills on the dollar of the taxable property of the county, to-wit: 10 mills, and did furnish a copy of the statement to the County Assessor of Taxes and file a copy of the statement in the office of the Board of Public Instruction, and

"*Whereas,* this Board has at present no outstanding indebtedness incurred pursuant to Section 458 of the Revised General Statutes of 1920 for borrowing on the estimate of any scholastic year prior to the year 1929-1930; and

"*Whereas,* this Board has outstanding certain school warrants issued for the maintenance of the necessary common schools of the county for the scholastic year beginning July 1, 1929; and there is no money in the county school fund applicable to the payment thereof; and

"*Whereas,* it is. desirable that, pursuant to the authority conferred by said Section 458 of the Revised General Statutes of 1920, money be borrowed for the purpose of paying all such outstanding warrants and for the further purpose of paying any and all legitimate expenses incurred in operating the schools of this county; and

"*Whereas,* the amount of money needed for said purpose is $50,000.00, which sum is not in excess of 80% of the amount estimated as aforesaid to be required for the maintenance of the necessary schools of the county for the next ensuing scholastic year;

"Now, THEREFORE, BE IT RESOLVED BY THE BOARD OF PUBLIC INSTRFCTION FOR THE COUNTY OF MARTIN, STATE

OF FLORIDA, that there be borrowed on the estimate for the scholastic year beginning July 1, 1929, the sum of $50,000.00 by the issuance of tax anticipation notes aggregating the said amount, which notes shall be 50 in number, of the denomination of $1,000.00 each, numbered 1 to 50 both inclusive, shall be dated the 1st day of July, 1929, and mature on the 1st day of July, 1930, with interest at the rate of 6 per centum per annum, payable on January and at Maturity, both principal and interest to be payable at the National City Bank, in New York, N. Y.

"BE IT FURTHER RESOLVED, that said tax anticipation notes shall be executed by the Chairman and Secretary and bear the Seal of the Board of Public Instruction and shall have coupon attached bearing the facsimile signature of the Secretary of the Board of Public Instruction."

Copy of proposed notes was attached to the copy of the resolution.

The suit was filed on the 17th day of December, 1935. Bill of complaint was against the Board of Public Instruction of Martin County, Florida, and not against the members of the Board. The bill of complaint did not make the principals on the bonds executed by the defendant surety companies as sureties parties to the cause.

The Superintendent of Public Instruction of Martin County at the time the notes were issued and during the year 1929 was not the same person who was Superintendent of Public Instruction of that county when this suit was instituted.

It also appears that no member of the Board of Public Instruction who was a member of said Board during the year 1929 was a member of such Board when this suit was filed. Neither is there any showing that any of the members of the Board of Public Instruction at the time of

148

the institution of the suit, or that the person who was Superintendent of Public Instruction at the time of the institution of the suit, received any funds because of such official position during the year 1929.

The Chancellor found as follows:

"Briefly the bill of complaint is founded on the theory that certain surety companies, defendant, be held responsible on the bonds of members of Board of Public Instruction for such amounts as an accounting will show to have been wrongfully spent by them, and were not, therefore, applied to certain tax anticipation notes of the Board of Public Instruction held by Stranahan, Harris & Company.

"The testimony offered by the complainants is relied upon to bear out the further theory that any expenditure by the Board of Public Instruction, regardless of the purpose, was wrongful if not applied to the tax anticipation notes. The complainants rested their case after showing expenditures for certain periods, no item of which is challenged as being excessive, fraudulent or for a purpose other than the maintenance of the public school system. The complainants rely upon, among other, the case of City of Winter Haven v. Summerlin (154 So. 863), in which it was held that special assessments collected by a city became a trust fund for the benefit of municipality, bondholders and taxpayers having beneficial interest therein; and the case of Royal Indemnity Co. v. Knott (136 So. 474) deciding that by a trustee's bond the sureties obligated themselves for the faithful performance of the duties of the trustee and the proper accounting for all moneys.

"It seems to me that the position of the complainants is that the payment of the obligations described in the bill of complaint is of primary importance and the maintenance of public schools of secondary importance. The law clearly

defines the duties of those who are charged with the responsibility of maintaining the public school system, a feature of the State Government of primary importance, and it has been said by the Court that when contractors deal with the Board they do so at their peril. (See Board of Public Instruction of Lafayette County v. Union School Furnishing Company, 129 So. 324.)

"To repeat, there seems to be no charge of dishonesty, fraud, deceit or loss in the handling of the school funds, but simply the one that because the members of the board expended the income in the maintenance of the public school system after pledging an income for the payment of the tax anticipation notes, they wrongfully spent the money and that therefore their bondsmen are liable. To favor the complainants with a decision would be the equivalent of holding that the membeers of the board should have paid the tax anticipation notes first and spent the remainder of their income on the operation of the schools. To go one step further—if there was nothing left after the payment of the notes the schools would have remained closed. The course followed by the defendants does not suggest to the court that they performed their duties in violation of the provision in the bonds that they should do so 'faithfully,' and this Court cannot agree there is any liability on the part of the sureties.

"A decree will be entered dismissing the bill of complaint."

In addition to what was said by the Chancellor, we may say: The record shows that the notes here involved were actually given as renewals of like obligations which had been theretofore issued by the Board of Public Instruction of Martin County and that those obligations which were then renewed were likewise renewals of former obligations.

The record further shows that the monies collected in the year 1929-1930 were used for the operation of the schools of Martin County for the current year as the law requires them to be used. The Board of Public Instruction of Martin County, Florida, is shown to have received no money whatever in 1929 for these anticipatory notes. The notes were clearly issued as renewal obligations as stated and as such renewals they instituted evidence of the continued obligation to pay the original debt which may be enforced by mandamus or law action properly instituted and prosecuted. The first duty of the Board of Public Instruction was to operate the schools of the county during the involved year.

So it is that the complainant failed to show an unlawful division of funds by the Board of Public Instruction of Martin County, Florida, for the scholastic year 1929-1930 and also failed to show that it was such a duty of the Board of Public Instruction of Martin County, Florida, to pay the notes involved in this suit with moneys collected during that scholastic year for the operation of the public schools in that county as to cause the failure in this regard to result in a personal liability against members of such Board. If the Board of Public Instruction of Martin County had received money for the notes issued with which to operate the schools in the county for that year, then the duty would have devolved upon the Board of Public Instruction to appropriate sufficient of the moneys collected for the operation of schools during that year to the payment of such obligation, because it is implicit in the statute that the authority to borrow money on the anticipated tax collection carries with it the duty to spend that money only for the operation of schools during that current year and to the extent of the money borrowed and used·

for such purpose the funds raised by taxation for such purpose are pledged, but even a failure to so do would not have resulted in a personal liability against the members of such Board in the absence of a misappropriation of funds.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.