## LEE v. GRUPE.
### No. 6450.

Court of Civil Appeals of Texas. Texarkana.
Sept. 8, 1949.

Hatchell & Hatchell, Longview, for appellant.

Harvey P. Shead, Longview, for appellee.

LINCOLN, Justice.

Appellant, Anderson Lee, brought this suit against J. B. Grupe, appellee, in two counts, the first of which was in trespass to try title and the second to remove cloud from title. The defendant answered by general denial, plea of not guilty, and pleaded the statutes of limitation of three, five, ten and twenty-five years. Vernon's Ann.Civ.St. arts, 5507, 5509, 5510, 5519. The land involved is described in appellant's petition by metes and bounds and consists of ⅝ of an acre.

From appellant's view point the land is on the south end of an 84-acre tract which was conveyed to him by deed dated October 12, 1942. From the viewpoint of appellee the land in controversy is the north part of a 6½-acre tract which constitutes a part of a 73-acre tract of appellee. All of the evidence shows that land belonging to appellant adjoins the land belonging to appellee. According to the description of the ⅝ acre as set forth in the petition, the south boundary line of the land is a "drean" (drain) or branch. If that is true, the drain or branch would also be the north boundary of appellee's land. Appellant's deed to his eighty-four acres names a branch as his south boundary line. Appellee's deed from Calvin Moore and wife, dated June 21, 1946, names a drain as the north boundary line to his seventy-three acres.

In response to the three special issues submitted, the jury found that the land described in the plaintiff's petition lies north of the drain, found against the appellee on the 10-year statute of limitation, and found that the reasonable cash market value of trees cut off of the land by appellee was $63.75. No exceptions are presented with reference to the charge of the court, either to the issues submitted or for failure to submit additional issues. The appellant filed a motion for judgment based on the verdict. Appellee filed a motion for judgment notwithstanding the verdict of the jury, his principal point being that the appellant had not met the requirements of proof of title in a suit of trespass to try title. The court overruled appellant's motion for judgment, granted appellee's motion non obstante, and entered a "take nothing" judgment against the appellant, resulting in this appeal.

Appellant did not make proof of his title from the sovereignty of the soil nor from common source. If that were the real issue in the case the action of the trial court in entering judgment for the defendant would be correct. But under the pleadings and evidence adduced on the trial the actual controversy between the parties was the location of the boundary line between their lands. The appellee's answer alleged that the land claimed by the plaintiff and described in his petition "adjoins the 6½-acre tract of land at the northwest corner of said tract," and that said 6½ acres is a part of the 73-acre tract owned by the defendant. This allegation, if taken alone, would constitute an admission that the ⅝ acre sued for is on the appellant's side of the boundary line. But the answer further alleges that a line fence divides the land of the plaintiff and the defendant; that "said fence is the line fence dividing said tracts," and that "said fence has been recognized as the line fence between the 6½-acre tract belonging to the defendant herein and the 84½-acre tract belonging to the plaintiff herein." These allegations sufficiently state that the issue between the parties is that of boundary.

The location of the branch is shown by a map which was introduced in evidence, and this is the only evidence of its location to be found in the record. The ⅝ acre of land described in the petition is shown by the map to be bounded on the south by the branch and on the north by a fence. This map shows that the land in controversy lies immediately north of the branch or drain, and evidence on behalf of appellant supports that contention.

In addition to the evidence on the part of appellant that his land extends to the branch as called for in his deed, the appellee himself testified as to the location of the line between his and appellant's land, as follows:

"Q. What I am asking is, Mr. Grupe, where is the line fence between your land and Lee's land? A. My line fence between my property and Anderson Lee's is the center of that dreen—what I take for a dreen.

"Q. Where is the fence located? A. In the center of the dreen."

Calvin Moore, appellee's grantor, testified that he had owned the land since 1916 and until he sold it to appellant, and that he claimed only to the drain.

 Where the pleadings and the evidence show that the only issue involved is that of boundary between the parties owning adjoining tracts of land it is not necessary for the plaintiff to prove title as is

required in the ordinary action of trespass to try title. Harris v. Kiber, Tex.Civ. App., 178 S.W. 673. On the part of appellee the answer and the evidence above shown are sufficient to bring this case within the rule just stated. The answer and the evidence alluded to effectively disclaim all land north of the branch or drain. Harris v. Kiber, supra; Wardlow v. Harmon, Tex.Civ.App., 45 S.W. 828.

Special issue No. 1 requested a finding of the jury as to whether the plaintiff's land was north of the drain, to which issue the jury returned an affirmative answer. Its verdict in this respect is supported by the evidence.

The location on the ground of the fence and the drain is not clear from the evidence. Appellant's evidence showed it to be north of the drain, while appellee's evidence showed it to be in the drain. Wherever located it had been there for a number of years, more than ten years. The appellee claimed the ⅝ acre in controversy under the 10-year statute of limitation, and the jury found against him on that issue. We are not prepared to say there is not sufficient testimony to support that finding. In deference to such verdict, we must conclude that the fence is north of the drain.

There is also ample support in the evidence for the finding of the jury on special issue No. 3 that the reasonable cash market value of the trees that were cut on the land in controversy was $63.75.

In Self et al. v. Becker et al., 195 S.W.2d 701, 702, this court held that in passing on a motion for judgment notwithstanding the verdict, the trial court must be governed by the test of whether there has been introduced on the trial any testimony of such probative force as to raise the issue of fact, and if so, the motion should be denied. And it was also held that "Any inference which reasonably may be drawn from the testimony must be indulged against granting a motion for an instructed verdict."

Furthermore, under the alternative pleading of appellant that the claim of the appellee cast a cloud upon his title, the point is raised that the appellant is not required to establish an incontestable chain of title from the sovereignty of the soil or from a common source where the pleadings and the proof show that the plaintiff owns a tract of land and that the defendant is asserting some right, title, interest or claim thereto. We sustain that contention. 34 Tex.Jur., 816, 817, 834. In Dalton v. Davis, Tex.Com.App., 1 S.W.2d 571, 572, the Supreme Court says: "A claim of interest of some kind in the land was manifestly a prerequisite to relief in that suit. But there is patent mistake in the assumption that fee simple or otherwise incontestable title in Davis was essential to the relief prayed by him."

There was proof to show that appellant owned the land described in his petition, that apppellee was claiming the land and had committed a trespass by felling the trees. This evidence was sufficient to constitute a cloud upon the title, and the jury having found that appellant's land was north of the drain, and appellee having testified that he cut and sold trees off of the land, it was not necessary for the appellant to show that he deraigned title from the sovereignty of the soil or from common source, and under the verdict of the jury he was entitled to judgment.

However, as already stated, the real issue in controversy between these adjoining landowners was the location of the boundary line. The branch or drain referred to is named as the boundary line in both of their deeds. The testimony on both sides is in agreement that the center of the drain or branch is the boundary line. The jury's verdict is conclusive of that fact. The controversy between these litigants cannot be settled until the location of the branch or drain is definitely established and marked. As described in the evidence the drain is rather indefinite in outline, low and flat. It has grown up in bushes and trees. None of it has ever been in cultivation. There is no evidence of oil, gas or minerals. Its value seems to rest mainly in the fact that within its brief sylvan bosom it nurses an unmarked line between the lands of two neighboring

**552**

owners. There is evidence that water is in the branch most of the time. At any rate, it is a watercourse, and sometimes must be a stream.

 It has long been the common law rule that where a non-navigable stream constitutes the boundary of a tract of land the boundary is the center of such stream. Welder v. State, Tex.Civ.App., 196 S.W. 868, writ refused; Texas Bitulithic Co. v. Warwick, Tex.Com.App., 293 S.W. 160.

It has been held by numerous Texas authorities that in such cases the middle of the stream is presumed to be the boundary line. Stover v. Gilbert, 112 Tex. 429, 247 S.W. 841; Umscheid v. Scholz, 84 Tex. 265, 16 S.W. 1065; Griffin v. Barbee, 29 Tex.Civ.App. 325, 68 S.W. 698; Joslin v. State, Tex.Civ.App., 146 S.W.2d 208.

A branch has been defined as a small stream or creek. Danielly v. City of Princeton, 113 W.Va. 252, 167 S.W. 620. Ordinarily the word "drain" is generally understood to denote an artificial channel or drainage through which water or sewage is caused to flow. Jefferson Davis County v. Riley, 158 Miss. 473, 129 So. 324, 130 So. 283. However, it has no technical or exact meaning; Belzoni Drainage Commission v. Winn, 98 Miss. 359, 53 So. 778. It may mean a hollow space in the ground, natural or artificial, where water has collected or passes off, and is synonymous with ditch. Goldthwait v. Inhabitants of East Bridgewater, 5 Gray 61, 71 Mass. 61; Sherrod v. Battle, 154 N.C. 345, 70 S.E. 834; Byrne v. Keokuk & W. Railway Co., 47 Mo.App. 383.

So, under the decisions the boundary between these two claimants is the center of the stream. We believe the common-law rule, and the decisions under such rule would apply in this case. The evidence is to the same effect.

Accordingly the judgment of the district court is reversed and judgment is here rendered for appellant for the title and possession of the land and premises sued for, for damages in the sum of $63.75 and establishing the middle of the branch or drain as the boundary line between the land of the appellant and the land of the

appellee, with instructions that the district court cause the location of such drain or branch to be definitely located on the ground and marked as the boundary line between the lands of the appellant and the appellee.

Reversed and rendered in part, and remanded in part with instructions.