BOARD OF SUPERVISORS OF MONROE COUNTY *v.* MISS. STATE HIGHWAY COMM.

May 10, 1954

No. 39228                64 Adv. S. 1                72 So. 2d 237

*Alexander & Alexander*, Jackson, for appellant.

*Wright, Overstreet & Kuykendall*, Jackson; *James A. Cunningham, Sr.*, Booneville, for appellees.

APPELLANT IN REPLY.

GILLESPIE, J.

The appellant, Board of Supervisors of Monroe County, petitioned the Circuit Court of Hinds County for a writ of mandamus against the appellee, Mississippi State Highway Commission. The petition prayed that the court (1) adjudicate that appellee has sole jurisdiction over Highway No. 6, including the bridge over the Tombigbee River, (2) adjudicate that it is the mandatory duty of appellee to repair and maintain the bridge over the Tombigbee River, and (3) order the appellee to do and perform all things necessary to carry out the duties of the appellee in reference to said bridge as the court might find necessary and proper. Appellant filed its answer and notice of motion to dismiss. After trial on the merits, the court below dismissed the petition.

Mississippi State Highway No. 6 is a secondary highway. It runs from a point in Monroe County on the Alabama line west to Amory, then through various points across the State of Mississippi. In Monroe County, Highway No. 6 traverses the Tombigbee River by means of a

bridge, the one here in question. This bridge was built about 1899. It is 16 feet wide and about 545 feet long; it has a steel superstructure with flooring of untreated oak timber. The proof was sufficient to show that the bridge has never been up to the standards of the Mississippi State Highway Department. The appellee has on several occasions rendered assistance to Monroe County in repairing the bridge. In each such instance the work and service furnished by appellee was done on authority of district officials of the appellee without order of the Highway Commission. In each such instance the appellee billed Monroe County for the work and service, but the appellant never paid the bills. No order was ever spread on the minutes of appellee assuming jurisdiction over the Tombigbee River bridge. It never in fact took over the bridge. Appellant never officially requested the appellee to assume jurisdiction of the bridge until shortly before the beginning of this litigation. When this request was received by appellee, it spread an order on its minutes declining to assume jurisdiction of the bridge. The attorney general gave the appellant an opinion on April 15, 1952, holding that appellee had jurisdiction of the bridge.

We now consider the applicable statutes. Section 2, Chapter 278, Laws of 1924, provided that all highways taken over by the State Highway Department shall be accepted by the Department in writing; that the board of supervisors enter an order on its minutes authorizing the Highway Department to take over supervision, control and maintenance of such highway. Said act further provided as follows: "The said highway department may accept and assume jurisdiction over the said road before it agrees to maintain or accept the bridges and may, at a later date, accept the bridges, when they are constructed according to the standard required by the state highway department and maintain the same from that date. The bridges and the roads may be considered

separately by the highway department in assuming responsibility of the maintenance of same."

Acting under the foregoing Section 2, Chapter 278, Laws of 1924, the State Highway Department offered in writing to take over the road now designated as No. 6, with the following exception: "All drainage structures." This offer was accepted by the Board of Supervisors of Monroe County by order spread on its minutes dated January 8, 1929. The State Highway Department apparently understood the term "all drainage structures" included bridges. But in September, 1930, this Court decided the case of Jefferson Davis County v. Riley, 158 Miss. 473, 130 So. 283, wherein it was held that the term "drainage structures" did not include a bridge over a natural water course. The State Highway Department then made a new written proposal to Monroe County Board of Supervisors for the taking over of Highway No. 6, which included the following: "Except bridges not up to state standard, said standard being creosote timber or better, built according to Mississippi State Highway Department standard plans and under the State Highway Department supervision." The proposal or offer also included a statement that this was being done for the purpose of clearing the records of the State Highway Department. The Board of Supervisors of Monroe County, on January 8, 1931, accepted this proposal by order spread on its minutes. But in the meantime the legislature had passed Chapter 47, Laws of 1930, known as the Stansel Act. Section 11 of this act provided for the preservation of the status quo of all highways theretofore taken over by the State Highway Department. It did not make provision for the separation of highways and bridges as did Section 2, Chapter 278, Laws of 1924, which the later act repealed.

We hold that when the road here in question, Highway No. 6, was brought forward from the authority of Chapter 278, Laws of 1924, to be continued under the

authority of Chapter 47, Laws of 1930, it was brought forward with jurisdiction of the road vested in the State Highway Commission "except bridges not up to state standard." The second order of the Board of Supervisors, dated January 8, 1931, was merely a clarification of the previous order dated January 8, 1929. Therefore, the controlling statute at the time the road was taken over by the State Highway Department was Chapter 278, Laws of 1924. This was settled by the case of Board of Supervisors of Prentiss County v. Mississippi State Highway Commission, 207 Miss. 839, 42 So. 2d 802. The wording and timing, in relation to the enactment of the Stansel Act and the decision of this Court in the Jefferson Davis County v. Riley case, are the same as in the Prentiss County case.

Appellants contend that the Prentiss County case is not applicable. We fail to find any ground to distinguish that case from the one here considered. The fact that the bridge over the Tombigbee River was not specifically named in the offers of the State Highway Department or in the orders of the Board of Supervisors of Monroe County is no ground for holding that the Highway Department took over the bridge with the road. The specific bridge here involved was sufficiently designated as being a bridge "not up to state standard."

Nor did the enactment of Chapter 332, Laws of 1948, which revised the Stansel Act of 1930, change the status of the bridge here involved. Section 7 of Chapter 332, Laws of 1948, provided in part that "the status of the highway system as now taken over for maintenance by the State Highway Commission shall be preserved . . ."

Chapter 6, Laws of the Extraordinary Session of 1949, designated Highway No. 6 as a part of the system of highways over which the State Highway Commission has jurisdiction. Said act further provides that no highway shall be taken over in the future unless the bridges

thereon are also taken over at the same time. Section 10 of that act specifically provides for the maintenance of the status quo of all state highways theretofore taken over by the State Highway Commission.

We are of the opinion that the several acts of the legislature above referred to did not have the effect of placing the Tombigbee River bridge on Highway No. 6 under the jurisdiction of the State Highway Commission. The bridge was taken over under the 1924 act. It appears that the subsequent acts intended that the status quo be maintained as to highways previously taken over. The 1948 and 1949 acts provided that no highways were to be taken over in the future unless the bridges thereon were also taken over.

We do not reach the question of whether the writ of mandamus should issue if the State Highway Commission did have jurisdiction of the bridge in question. Nor do we wish to be understood that the writ would issue if the control and jurisdiction of the bridge was in the State Highway Commission. The cases of Board of Supervisors of Prentiss County v. Mississippi State Highway Commission, supra, and State, ex rel. Attorney General v. Board of Supervisors of Grenada County, 196 Miss. 806, 17 So. 2d 433, and cases therein cited, indicate that this Court could not tell the State Highway Commission what to do about the bridge in question even if it had jurisdiction of the bridge. The matter at issue is one for the legislature.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.